PAUL A. BONIN, Judge.
_JjThe trial court rendered a judgment on January 5, 2015, which decreed with respect to cross-claims filed by Plaquemines Parish Government “that all contract-based claims for breach of contract and indemnity by Plaquemines Parish Government against Evans-Graves Engineers, Inc., and Professional Engineering Consulting Corporation are hereby dismissed.” From this judgment Plaquemines Parish appeals. Following review of Plaquemines Parish’s cross-claims, because it appeared to us that the judgment was not a final appealable judgment, we issued a rule to show cause why its appeal should not be dismissed.
In its written response to our show-cause order, Plaquemines Parish acknowledged that the judgment was not final and appealable because it did not dispose of all of its claims against Evans-Graves or Professional Engineering and, most importantly for our purposes, it did not receive a designation as a final judgment by the trial court.[1] Accordingly, we dismiss Plaque-mines Parish’s appeal 12of the undesig- *551 nated judgment of January 5, 2015, and explain our decision in the following Parts.
I
We begin our explanation by emphasizing that an “[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La. C.C.P. art. 2082 (emphasis added). A final judgment is appealable. See La. C.C.P. art. 2083 A. “A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. art. 1841. But “[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B).” La. C.C.P. art. 1911 B (emphasis added). This may be contrasted with a partial final judgment under Article 1915 A which does not require designation. See id.
Thus, a judgment which determines the merits “in whole,” that is one which grants the successful party or parties all of the relief prayed for or adjudicates all of the issues in the case, does not require designation by the trial judge as appealable. -Similarly, those partial final judgments enumerated in Article 1915 A[2] do not 1 srequire designation of finality by the trial judge. But this partial judgment does not meet — and the appellant so acknowledges — any of the criteria of Article 1915 A. The judgment only dismisses some of the claims of Plaquemines Parish against Evans-Graves and Professional Engineering. Its negligence claim against them has not been adjudicated. Consequently, when a court renders a partial judgment “as to one or more but less than all of the claims, demands, issues or theories against a party, ... the judgment shall not constitute a final judgment unless it has been designated as a final judgment by the court after an express determination[3] that there is no just reason for delay.” La. C.C.P. art. 1915 B(1).[4]
*552 Therefore, in the absence of designation of finality of this judgment “no appeal may be taken” from it. La. C.C.P. art. 1911 B. That is to say that the appellant here has no right to invoke our appellate jurisdiction. See Livingston Downs Racing Ass’n, Inc. v. Louisiana State Racing Com’n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216 (observing, “the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invo-cable by the litigant as a matter of right.”). Accordingly, we dismiss the appeal.
_kH
Plaquemines Parish did request, however, that we convert its appeal to a writ application or issue a remand order with detailed contingencies. We decline to take either action.
We sometimes do convert an improperly filed appeal to an application for supervisory review and then exercise our supervisory jurisdiction, which, as we observed above, is discretionary with us. See Stelluto v. Stelluto, 05-0074, p. 7 (La.6/29/05), 914 So.2d 34, 39 (“[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts.”); see also, e.g., Lalla v. Calamar, N.V., 08-0952, p. 6 (La.App. 4 Cir. 2/11/09), 5 So.3d 927, 931. We are especially inclined to convert an improperly filed appeal to a writ application when we are able to confirm “by our own independent review of the record, that the exercise of our supervisory jurisdiction will result in a final disposition of all issues in this case and that there is no reason to remand the matter for the rendition of a final appealable judgment.” Favrot v. Favrot, 10-0986, p. 6 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1104 (emphasis in original). This is because when action by our court “will terminate the litigation, and where there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense.” Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981);[5] see also Favrot, 10-0986, pp. 6-7 (La.App, 4 Cir. 2/9/11), 68 So.3d at 1104; Alex v. Rayne Concrete Service, 05-1457, p. 7 (La.1/26/07), 951 So.2d 138, 145 n. 5, and Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1242 (La.1993) (“Any party may apply for supervisory writs by showing that an immediate review may materially advance the termination of the litigation.”).
Here, unlike in Favrot where there was a joint representation[6] by the *553 parties, no party argues that converting the pending appeal to a supervisory writ application will result in a termination of the litigation. At best, the appellant speculates that his remaining negligence claim may be terminated if another party’s pending appeal is unsuccessful in reversing a judgment sustaining an exception of prescription. Thus, there is no compelling reason to exercise our supervisory jurisdiction at this time.
Moreover, we ordinarily will not convert an improperly filed appeal to a supervisory writ application unless the motion or petition for appeal was filed within the delay permitted for applying for supervisory review. Rule 4-3, Uniform Rules-Courts of Appeal, provides that “[t]he return date [for filing a writ application] in civil cases shall not exceed 30 days from the date, of notice, as provided by La. C.C.P. art. 1914.” The notice of judgment was mailed on January )fi9, 2015, but the petition for appeal was not filed until February 13, 2015. Therefore, because the petition for appeal was filed outside the limited time allowed for filing the writ application, we decline to exercise our supervisory jurisdiction by converting the improperly filed ¡appeal to a writ application. See Delahoussaye v. Tulane University Hosp. and Clinic, 12-0906, p. 5 (La.App. 4 Cir. 2/20/13), 155 So.3d 560, 563 (and cases cited therein).
Finally, we address Plaquemines Parish’s suggestion that we issue a limited remand to the trial court, which suggested remand provides the trial judge with a number of contingencies or options related to designating the judgment appealed from as final. We consider such remand unnecessary. A party may opt. to seek a designation of finality “from the trial judge to appeal the partial judgment at any time prior to entry of a final judgment in the case.” Fraternal Order of Police v. City of New Orleans, 02-1801, p. 4 (La.11/8/02), 831 So.2d 897, 900 (emphasis added); Delahoussaye, 12-0906, p. 65 (La.App. 4 Cir. 2/20/13), 155 So.3d at 563, n. 5.
DECREE
Plaquemines Parish Government’s appeal of the partial judgment of January 5, 2015, in favor of Evans-Graves Engineers, Inc., and Professional Engineering Consulting Corporation is dismissed.
APPEAL DISMISSED

. Rule 2-12.4 A(3)(a), Uniform Rules-Courts of Appeal, requires, relative to the jurisdic *551 tional statement in appellant’s brief, when applicable, "an assertion that the appeal is from a final appealable judgment and, if the appealability is dependent upon a designation by the trial court, a reference to the specific page numbers of the record where the designation and reasons for the designation are to be found ...” Notably, appellant's jurisdictional statement did not comply'with this applicable requirement.

. La. C.C.P. art. 1915 A provides as follows:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court: (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors. (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969. (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E). (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038. (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury. (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

. Here, we are not considering the problem addressed in R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113 (Holding that appellate courts should employ a de novo review when the trial court designates a partial judgment as final but does not give explicit reasons for its determination).

. La. C.C.P. art. 1915 B(1) reads:
When a court renders a partial judgment or partial summary judgment or sustains an exception .in part, as to one or. more but less *552 than all of the claims, demands, issues, or theories against a party, whether in an original demand,- reconventional demand, cross-claim, third-party claim, or intervention, the judgment shalh not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no Just reason for delay.

. Herlitz finds a confluence of factors which "dictates” consideration of and decision on an application for supervisory writs, and implies a failure to exercise discretion under circumstances is an abuse of intermediate appellate court’s discretion. See Hooper v. Brown, 2015-0339, p. 1 n. 1. (La.App. 4 Cir. 5/22/15), 171 So.3d 995, 997, writ app. pending, 2015-1194 (La.6/19/15).

. But we caution that while such joint representation may well be helpful in our efforts to confirm independently the Herlitz factors, agreement by the parties alone that immediate review could terminate the litigation does not require an intermediate appellate court to afford discretionary review. See Banks v. State Farm Ins. Co., 30,868, pp. 1-2 (La.App. 2 Cir. 3/5/98), 708 So.2d 523, 524, and subse *553 quent repeal of Article 1915's certification procedure providing for finality of judgment by specific agreement of the parties.