PAUL A. BONIN, Judge.
. hMR Pittman Group, L.L.C., a general contractor, was the successful bidder on a public works project for the repair of a drainage pump station damaged during Hurricane Katrina. Evans-Graves Engineers, Inc., Stuart Consulting Group, Inc., and Professional Engineering Consultants Corporation were- the engineering firms which furnished the plans and designs for the' work to be performed by Pittman. *293 Pittman, alleging negligence, sued the three engineering firms along with the project’s owner, the Plaquemines Parish Government.
Initially Pittman only claimed that the firms and Plaquemines Parish were at fault for not informing it that there would be delays in commencing work on the project due to absence of a Letter of No Objection from the United States Army Corps of Engineers. Later, in amending and supplemental petitions, Pittman also claimed that the engineering firms along with Plaquemines Parish were at fault in connection -with specific design deficiencies concerning a wing wall, stairs, and a driveway, all of which deficiencies further contributed to Pittman’s financial losses.
| ¡/The engineering firms qbjected to the suit on the grounds that Pittman’s claims against them were prescribed by one year and filed a joint exception of prescription. After an evidentiary hearing, the trial judge sustained the engineering firms’ exception of prescription, and dismissed Pittman’s suit against‘them with prejudice. Pittman appealed.'
Pittman first generally argues that the trial judge erred in not finding that the controlling prescriptive period for its claim against the engineers is five years and not one year. We have reviewed de novo Pittman’s argument that the five-year limitations period provided in La. R.S. 9:5607 displaces the general one-year limitations period for delictual actions provided by Article 3942 of the Louisiana Civil Code. We conclude that it does not'and that the trial judge was- legally correct in applying the one-year prescriptive period to Pittman’s claims against the engineering firms.
Pittman next specifically argues with respect, to its claim for damages occasioned by the concealment or non-disclosure by the engineering firms of the absence of a Letter of No Objection from the Corps of Engineers and by the design deficiencies that the trial judge erred in finding that Pittman sustained appreciable damages more than one year before it filed suit. We have reviewed this factual finding by the trial judge under the “clearly wrong” standard for review of facts and find that the trial judge was not clearly wrong and was reasonable-in finding that the damage claim arising from the delays in construction and, remedial work were prescribed by the time that the original petition was filed on June 23,2011.
|3We éiplain our decisión in considerably more detail below. ‘ '
I
Before we begin our explanation, however, we note that this is but one of four cases — to date — which bear the same, caption because they all arise from the same district court proceedings. We previously dismissed an appeal filed by Plaquemines Parish against the engineers because the district court judgment was riot a final appealable judgment. See MR Pittman, LLC v. Plaquemines Parish Government, 15-0395 (La.App. 4 Cir. 9/16/15), 176 So.3d 549. And today we are releasing simultaneously with this decision two other decisions involving prescription issues: (1) our decision affirming the trial court’s decision sustaining an éxceptíon of prescription which found that Plaquemines Parish’s tort claim against Pittman’s insurer, The Gray Insurance Company, is prescribed, see MR Pittman, LLC v. Plaquemines Parish Government, 15-0513 (La.App. 4 Cir. 12/2/15), 182 So.3d 303, 2015 WL 7783710 and (2) our decision reversing the trial court’s decision granting a partial summary judgment on the issue that Plaque-mines Parish’s tort claim against Pittman is prescribed, MR Pittman, LLC, v. Plaquemines Parish Government, 15-0860 *294 (La.App. 4 Cir. 12/2/15), 182 So.3d 312, 2015 WL 7784327.
II
• We begin our explanation in this Part.
This case arises out of a public works project in Plaquemines Parish to demolish and reconstruct the No. 1 Gainard Woods pumping station that had been ^severely damaged by Hurricane Katrina. Plaque-mines Parish entered into a contract with Stuart to design and furnish the plans for the work to be performed by Pittman. Stuart additionally was tasked with administering the project. Stuart subcontracted with Professional Engineering who then in turn subcontracted with Evans-Graves. These three engineering firms comprised the design team for the project. The construction contract for the project was put to bid and awarded to Pittman as the lowést responsive and responsible bidder. Pittman and Plaquemines Parish entered into, contract on August 29, 2008.
Almost immediately after entering the contract with Plaquemines Parish, Pittman in November of 2008 learned that a Letter of No Objection from the United States Army Corps of Engineers was necessary for construction of the project to even begin. Obtaining this letter delayed the project. The Letter of No Objection was applied for in January of 2009 but approval was not received until June 25, 2009. Pittman, we note, attribute^ the concealment or non-disclosure of the need for this letter to the engineering firms. Around this same time, Pittman identified deficiencies relating to the design specifications of the exterior stairs, and notified Stuart. ’ Almost a year later, Pittman brought design deficiencies with respect to the wing walls to the attention of the design engineers as well as Plaquemines Parish; this was in April of 2010.
Pittman, however, did nbt first file suit against the engineering firms and Plaque-mines Parish until June 23, 2011. Pittman’s suit against these engineering | fjfirms alleged negligence or fault (as opposed to contractual breach).[1] The project was still under construction. Pittman initially filed suit to recover for the damages sustained due to the delay in obtaining the Letter of No Objection. Pittman later filed two amending and supplemental petitions, adding allegations that it was harmed by the negligencé of the design team in designing and administering the project.
Pittman contends that it could not have fully appreciated its damages with respect to the delay occasioned by the delayed Letter of No Objection. until October of 2010, when a change order was issued to pay for some of the damages sustained by Pittman on account of the delay. And, Pittman points out, the parties agreed that the amount paid by the change order was only a partial payment. Pittman further contends that it was not until February 21, 2011, that it was directed by Plaquemines Parish to perform work on the; wing walls, stairs, walkways, and also added driveways and additional drainage pursuant to a forced account provision of their contract. Pittman performed the work as requested. In February of 2012, another change order was issued in payment for the extra work *295 performed by Pittman. And Pittman claims this latest change order paid it less than it was owed.
| fiStuart, Evans-Graves, and Professional Engineering, however, filed an exception of prescription. Urging three distinct bases, Pittman argued that its claims against the engineering- firms were not prescribed. First, Pittman argued that in these kinds of claims against engineering firms, La. R.S. 9:5607 establishes a special five-year prescriptive period. Second, Pittman argues that even if the general one-year prescriptive period for delicts, which period is established by Article 3492 of the Louisiana Civil Code, is found applicable, Pittman’s claims have riot prescribed because Pittman could not or did not appreciate its damages due to the fault of the engineering firms until sometime within, one year of its filing suit. And third, Pittman argues that there was an acknowledgment of debt owed Pittman which sufficed to interrupt the running of prescription in relation to the claim for delay damages caused by the necessity to obtain the Letter of No Objection.
Following the hearing on the engineering firms’ exception, the trial judge decided that the applicable prescriptive period was one year and not five years. As the fact-finder, he found that certainly by April of 2010, Pittman “knew of fault” and “knew that there was going to be an issue” and, thus, fully appreciated the harm allegedly caused by the engineering firms and that the suit filed more than one year after that date was .prescribed. And lastly, the trial judge rejected the. contention that any engineering firm acknowledged its own débt to Pittman so,as.to interrupt the running of the one-yeár prescriptive period. The trial judge thus sustained the exception arid dismissed Pittman’s claims with prejudice.
Ja™
In this-Part we turn to explain why, after .a de¡ novo review, we conclude that the trial court was- correct in its conclusion that the five-year period established by La. R.S. 9:5607[2] is-a..peremptive period *296 which does not displace the applicable one-year prescriptive period for delicts established by Article 3492.
IsWhether § 9:5607. displaces Article 3492 for this kind of action is a question of law. Questions of law, such as the proper interpretation of a statute, are reviewed under the de novo standard of review. See Louisiana Mun. Ass’n v. State, 04-0227 p. 35 (La.1/19/05), 893 So.2d 809, 836; see also Cleco Evangeline, L.L.C. v. Louisiana Tax Com’n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353. When we review matter de novo, we fender judgment ori the record, without any deference to the legal conclusions of the trial judge. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045.
Even a cursory review of § 9:5607 leaves no doubt that its sole object is to provide a< peremptive period and not a prescriptive period. This is, of course; contrary to Pittman’s view. In:determining whether a statute is peremptive or prescriptive we must look, first, to see whether the statute designates itself as peremptive or prescriptive and,. second, whether the statute’s purpose, as. a whole would be fulfilled- by interpreting, it as peremptive or prescriptive. See Watkins v. Exxon Mobil Corp., 12-0477, p. 6 (La.App. 4 Cir. 5/29/13), 117 So.3d 548, 553. “What a legislature says in the-text of the statute is considered the best evidence of the legislative-intent or will.” Id., citing Borel v. Young, 07-0419, p. 9 (La.11/27/07), 989 So.2d 42, 49. . Because, of that, we begin with an examination of the language of § 9:5607. See n. 2, ante; see also Watkins v. Exxon Mobil Corporation, 13-1545, p. 9 (La.5/7/14), 145 So.3d 237, 242.
[^Article 3458, of the Louisiana Civil Code provides that “[pjeremption is a period of time fixed by .law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive. period.” And',. Subsection C, of § 9:5607 clearly states “[t]he five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 ...” Thus, without a doubt, Subsection C explicitly designates the statute as peremptive.
To support its contention that ‘§ 9:5607 displaces the general one-year prescriptive period, Pittman argues that the legislature’s removal of a clause in a proposed version of the bill during the bill-adoption process, which clause stated that the prescriptive period was one year, signifies an intent on the part of the legislature to make the applicable prescriptive period five years. We are unconvinced. The legislature’s removal of the. clause-was simply an acknowledgement of its superfluous nature. The' clause simply acted as a confirmation of the applicability of Article 3492 (stating in its pertinent part that “[d]elic-tual actions are subject to a liberative prescription period of one year”). An examination of Subsection D confirms this.
*297 The statute as finally adopted includes specific references to. other provisions of law that § 9:5607 displaces. Subsection D states that § 9:5607 “shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.” Thus, La. R.S. 9:2772, which establishes a peremptive period for actions involving surveying,- design, and construction of immovable, is Undisplaced, and Article 2762, which is a warranty provision,; along with Article 3545, which is a conflicts-of-law provision, are displaced. Notably absent from this list in Subsection D of displaced statutes is Article. 3492. The absence of Article 3492 from the list of laws which § 9:5607 takes precedence over and supersedes is evidence that § 9:5607 in establishing a peremptive period is not meant to displace any applicable prescriptive period.
Finally, the language of the statute in part A, “at ’the latest within five years,” is further evidence of the legislature’s intent to create a peremptive period and not to extend the onfe-year prescriptive period which is generally Applicable to delicts. Unlike prescription, “[n] either suspension nor interruption applies to a peremptive period.” William Crawford, 12 La. Civil Law Treatise § 10:11. Regardless of the circumstances, a right not exercised within its peremptive period is “forever lost.” See La. Civ.Code Ann. art. 3458 cmt.b. This is in contrast to a prescriptive period which “merely prevents the enforcement of a right of action,” and can thus be waived. Id.; see also Pounds v. Schori, 377 So.2d 1195 (La.1979); Flowers, Inc. v. Rausch, 364 So.2d 928 (La.1978).
The use of “at the latest” signifies a clear intent to create a peremptive period because such wording cannot exist in harmony with how a prescriptive period operates. One cannot say that an action cannot be brought “at the latest within 5 years” in establishing a prescriptive period, because the very nature of a prescriptive period allows its being extended by the circumstances or being waived entirely by. the adverse party. As such, the statement in part A, “at the latest within Infive years,” serves as further confirmation of the legislature’s desire to create a peremp-tive period.
Thus, we conclude that the trial judge was correct in his legal conclusion that the delictual claims óf Pittman against the engineering firms were subject to the general one-year prescriptive period established by Article 3492 and that the five-year peremptive period established by La. R.S. 9:5607 did not displace that one-year prescriptive period.
IV
We now address the trial judge’s fact-based determination that the one-year prescriptive period expired before Pittman filed suit against the engineering firms. We review his fact-based finding under the manifest error or “clearly wrong” standard. Following our review, we conclude that the finding was reasonable and not clearly wrong.
A
“The rules of prescription are designed to prevent old and stale claims from being prosecuted.” Wells v. Zadeck, 11-1232, p. 7 (La.3/30/12), 89 So.3d 1145, 1149. “[Pjrescription runs against all persons unless exception is established by legislation.” La. Civil Code art. 3467. “Prescription must be pleaded. Courts may not supply a plea of prescription.” La; Civ.Code art. 3452. ■ Generally, the party pleading the exception of prescription bears the burden of proof; however, if is evident on the face of the pleadings that the claim has prescribed, the burden shifts .to the plaintiff, to show the action has not *298 prescribed. Wells, 11-1232, p. 7, 89 So. 3d at 1149. Here, the engineering firms filed a peremptory exception of prescription. See La. C.C.P. art. 927 A(l). Because their exception of prescription was filed before trial of the case, evidence was admissible at the ensuing hearing on the exception. See La. C.C.P. arts. 929, 931. Here, the effect of sustaining the engineering firms’ exception was the dismissal with prejudice of Pittman’s action against them. See La. C.C.P. arts. 934, 1673.
When evidence is introduced at the hearing on the peremptory exception of prescription, the trial judge’s findings of fact on the issue of prescription are reviewed under the manifest error-clearly wrong standard of review. See Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261; see also London Towne Condominium Homeowner’s Ass’n v. London Towne Co., 06-401 (La.10/17/06), 939 So.2d 1227, 1231. But see Hogg v. Chevron USA, Inc., 09-2632, p. 6 (La.7/6/10), 45 So.3d 991, 997 (“When prescription is raised by motion for summary judgment, review is de novo, using the same criteria used by the district court in determining whether summary judgment is appropriate.”); MR Pittman, LLC, 15-0860, p. 11, 182 So.3d at 320.
Under the manifest error standard of review a court of appeal may only set aside a trial court’s finding of fact if it is “clearly wrong.” Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993) (quoting Rosell v. ESCO, 549 So.2d 840 (La.1989)). To reverse the fact finder’s determination an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record | ^establishes that the fact finder is clearly wrong or manifestly erroneous. Rosell, 549 So.2d at 844.
B
As already discussed, Article 3492 provides that delictual actions are subject to a liberative prescription of one year. And that the period “commences to run from the day injury or damage is sustained.” La. Civil Code art. 3942. The damage sustained, however, must be “actual and appreciable.” Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992). But it is not required “that the quantum of damages be certain or that they be fully incurred.” Id.
Pittman claims it suffered damages occasioned by the delay in obtaining the Letter of No Objection from the Corps of Engineers. Pittman claimed it was not advised that such a letter would be necessary until November of 2008, approximately two months after they entered into contract with Plaquemines Parish and that it was delayed in working on the project until the Letter of No Objection was received on June 25, 2009. This substantial delay would likely result in financial losses to Pittman due to its contract with Plaque-mines Parish.
Also, Pittman alleged as a part of its claims that the plans and specifications pertaining to the wing walls and stairs it was required to construct were insufficient.[3] Pittman claimed that the design team was negligent in failing to | ,4include necessary details in the design for the project and that this failure, coupled with a *299 failure to respond in a timely manner, contributed to their harm. ' ’
The trial judge found that Pittman knew at the latest in April of 2010 that the design team was at fault and that there was “going to be an issue.” We find that the trial judge was not manifestly erroneous in making such a determination. Pittman notified Plaquemines Parish and the design team of a lack of detail in the plans necessary to construct the wing walls in April of 2010. Previous notification in relation to the stairs was made even earlier-in June of 2009, In relation to the Letter of No Objection claim, the period of delay causing them harm occurred from November of 2008 to June of 2009 preceded even the deficient-design complaints.
We emphasize that the trial judge’s factual determination that as of April 2010 Pittman had suffered appreciable damage in relation to all aspects of its claims against the engineering firms was not necessarily the only view of the evidence, but it is a view of the entirety of the evidence that is both not clearly wrong and is reasonable. Because of the trial judge’s factual finding that Pittman .sustained actual and appreciable damage due to the fault of the engineering firms by April of 2010, he was correct to conclude that the suit not filed until June of 2011 was filed beyond the one-year prescriptive period and was thus prescribed.
Prior to concluding, we will briefly address a final argument urged by Pittman, namely that a change order,[4] issued in October of 2010, interrupted the prescriptive period as it pertains to Stuart. “Prescription is interrupted when one acknowledges the right of the person against %ohom he had commenced to prescribe.” La. Civil Code art. 3464 (emphasis added). Thus, liberative prescription is interrupted when the debtor acknowledges the right of the creditor.' See La. Civil Code art. 3464 Revision Comment (b). “Acknowledgement interruptive of prescription results from any act or fact which contains or implies the admission of the existence of the right.” 5 Civil Law, Translations, Baudry-Lacantinerie & Tissier, Prescription, § 529, cited approvingly by Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378, 382 (La.1979). A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. See Lima v. Schmidt, 595 So.2d 624, 634 (La.1992). .
The change order, however, only effectuated a modification of the contract between Pittman and Plaquemines Parish. Stuart signed the change order in its capacity or role as an administrator of the project. Stuart’s signing of the change order in no way obligated Stuart to make any sort of payment to Pittman: The issue of acknowledgment is a mixed question of law and fact, subject to the manifest error standard of review. See Demma v. Auto. Club Inter-Ins. Exch., 08-2810, p. 7 (La.6/26/09), 15 So.3d 95, 100 n. 4. And, applying that standard, we find that the change order did not constitute an express or tacit acknowledgement by Stuart that it Was obligated in any ‘ way to Pittman. Thus, we conclude that the trial judge correctly decided that the change order did not interrupt the one-year prescriptive period^ :
DECREE
We affirm the trial court’s judgment sustaining the exception of prescription *300 jointly filed by Evans-Graves Engineers, Inc., Stuart Consulting Group, Inc., and Professional Engineering Consultants Corporation and dismissing with prejudice the lawsuit of MR Pittman Group, LUC, against them. All costs of this appeal are taxed to Pittman. See La. C.C.P. art. 2164.
AFFIRMED.
BELSOME,’J., concurs in the result.

. Louisiana recognizes the existence of a duty of care owed by design professionals to persons with whom the design professional, does not have privity. In such a case, this Court has concluded that "absent privity of contract a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer’s tort.” Gurtler, Hebert and Co., Inc. v. Weyland Machine Shop, Inc., 405 So.2d 660, 662 (La.App. 4th Cir.1981). See also Farrell Construction v. Jefferson Parish, 693 F.Supp. 490, 492 (E.D.La.l988), rev’d on other, grounds, 896 F.2d 136 (5th Cir.1990).

. La. R.S. 9:5607 states:
A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement .to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
(1) The daté óf registry in the mortgage office of acceptance of the work by owner; or
(2) The date the owner has occupied or
taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or- - ■
(3) The date the person furnishing such services has completed the .services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory 'to' construction but the person furnishing such services does not perform any inspection of the work.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
*296 C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the .meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.
E. The peremptive "period provided in Subsection A of this Section shall'rtot apply in cases of fraud, as defined in Civil Code Article 1953.
F. The perémptive periods provided in Subsections A and B of this Section shall not apply to any proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners.

. MR Pittman also made claims relating to driveways and drainage it was directed to construct. These claims are distinguishable from the others because Plaquemines Parish added these items. There is no allegation that they were negligently omitted by the design team.

. This is change order number 3.