Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,154-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CITY OF SHREVEPORT

Applicant

v.

CDM SMITH INC.; BURK-KLEINPETER, INC.; BLACK & VEATCH
CONSTRUCTION, INC.; BLACK & VEATCH CORPORATION; BLACK &
VEATCH MANAGEMENT CONSULTING, LLC; BLACK & VEATCH
PRITCHARD, INC.; BLACK & VEATCH SPECIAL PROJECTS CORP.;
FLEAUX SERVICES OF LOUISIANA, LLC; FLEAUX SOLUTIONS, LLC;
KERRY COKER; BRIONES CONSULTING AND ENGINEERING, LTD.;
DELMET SERVICES, LLC; HALL BUILDERS, INC.; IMS ENGINEERS, INC.;
KJMK MANAGEMENT, INC.; WILLIAMS CREATIVE GROUP, INC.; BELT
CONSTRUCTION, INC.; BLD SERVICES, LLC; CROCKER
CONSTRUCTION, LLC; DIXIE OVERLAND CONSTRUCTION, LLC; DON
M. BARRON CONTRACTOR, INC.; HEMPHILL CONSTRUCTION
COMPANY, INC.; INSITUFORM TECHNOLOGIES, LLC; JOHN PLOTT
COMPANY, INC.; MAC CONTRACTING GROUP, INC.; MITCHELL
CONTRACTING, INC.; PM CONSTRUCTION & REHAB, LLC; PULLEY
CONSTRUCTION, INC.; S&J CONSTRUCTION CO., INC. OF ARKANSAS;
SAK CONSTRUCTION, LLC; SUNCOAST INFRASTRUCTURE, INC.;
YOR-WIC CONSTRUCTION COMPANY, INC.

Respondents

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 639,858

Honorable Ramon Lafitte, Judge

* * * * *

GREGORIO, CHAFIN, JOHNSON, TABOR            Counsel for Applicant
& FENASCI, LLC
By: Scott J. Chafin, Jr.

WALTERS, THOMAS, CULLENS, LLC
By: J.E. Cullens, Jr.
    Andree M. Cullens
    S. Layne Lee

FLANAGAN PARTNERS, LLP                    Counsel for Respondents,
By: Thomas M. Flanagan                    Black & Veatch
    Camille E. Gauthier                   Construction, Inc.; Black
                                          & Veatch Corporation;
                                          Black & Veatch Mgmt.
                                          Consulting, LLC; Black
                                          & Veatch Pritchard, Inc.;
                                          and Black & Veatch
                                          Special Projects Corp.

DEUTSCH KERRIGAN, LLP                     Counsel for Respondent,
By: Keith Joseph Bergeron                 Burk-Kleinpeter, Inc.
    Juan Jose Miranda
    Kenneth Verlander

MARK W. ODOM                              Counsel for Respondent,
                                          Don M. Barron Contractor,
                                          Inc.

WANEK, KIRSCH, DAVIES, LLC                Counsel for Respondent,
By: Peter J. Wanek                        Wicker Construction, Inc.
    Lindsay G. Faulkner

VINCENT JAMES BOOTH                       Counsel for Respondent,
                                          YOR-WIC Construction
                                          Company, Inc.

WIENER, WEISS & MADISON, APC              Counsel for Respondent,
By: Franklin H. Spruiell, Jr.             CDM Smith, Inc.
    Reid Allen Jones
    Caroline Darwin Alford

FAEGRE, DRINKER, BIDDLE & REATH
By: Wayne B. Mason
    David C. Kent
    Jude T. Hickland
    S. Vance Wittie
    Tory L. Finley

KEVIN W. HAMMOND                          Counsel for Respondents,
                                          Fleaux Services of LA,
                                          LLC, and Fleaux
                                          Solutions, LLC

COLVIN, SMITH, McKAY & BAYS
By: James H. Colvin, Jr.
    Cole B. Smith
    J. Clayton Caraway

Counsel for Respondent,
Kerry Coker

GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
By: Doris Theresa Bobadilla
    Jose Luis Barro, III
    Wendell Faith Hall
    Richard G. Duplantier, Jr.

Counsel for Respondents,
Hall Builders, Inc., and
Advantage Manhole and
Concrete Services, Inc.

BROWN SIMS, PC
By: Thear J. Lemoine
    John Joseph Elmer, Jr.
    Jackson Olouse Scott

Counsel for Respondent,
IMS Engineers, Inc.

WILKINSON, CARMODY & GILLIAM
By: Bobby S. Gilliam
    Jonathan P. McCartney
    Holly Clement Allen

Counsel for Respondent,
Belt Construction, Inc.

SIMON, PERAGINE, SMITH & REDFEARN
By: Denise C. Puente
    Benjamin R. Grau
    Luke P. LaRocca
    Joshua Jefferson

Counsel for Respondent,
BLD Services, LLC

GAUDRY, RANSON, HIGGINS &
GREMILLION, LLC
By: Thomas William Darling
    David Jonathan Hemken
    Ashleigh Brooke Adams
    Ashley Ann Holtzman
    Allie Ann Hingle

Counsel for Respondents,
Hemphill Construction
Company, Inc. and
Suncoast Infrastructure,
Inc.

ADAMS & REESE, LLP
By: Kellen James Mathews

Counsel for Respondent,
Insituform Technologies,
LLC

BLANCHARD, WALKER, O'QUINN
& ROBERTS, APLC
By: William Michael Adams
    Daniel J. Baker
    Philip George Watson
    McLaurine H. Zentner
    Lindsey Valenti

Counsel for Respondent,
John Plott Company, Inc.

DAVENPORT, FILES & KELLY, LLP
By: W. David Hammett

Counsel for Respondent,
MAC Contracting Group,
Inc.

TAYLOR, PORTER, BROOKS &
PHILLIPS, LLP
By: John Thomas Andrishok
    Bethany Breaux Percle
    Thomas Coulter McMahen

Counsel for Respondent,
Mitchell Contracting, Inc.


KEAN MILLER, LLP
By: Michael D. Lowe
    Reagan Elizabeth LaPietra

Counsel for Respondent,
PM Construction & Rehab,
LLC


LUNN IRION LAW FIRM, LLC
By: Harold R. Bicknell, III

Counsel for Respondent,
Pulley Construction, Inc.


GARRISON, YOUNT, FORTE &
MULCAHY
By: Darrin L. Forte
    Travis Lyon Garrison

Counsel for Respondent,
SAK Construction, LLC


LAW OFFICES OF R. GRAY SEXTON
By: R. Gray Sexton
    Blane A. Wilson

Counsel for Respondent,
Compliance
Envirosystems, LLC


HAILEY McNAMARA, LLP
By: David K. Persons
    Gerald F. Arceneaux

Counsel for Respondent,
Thor Construction, LLC


DEGAN, BLANCHARD & NASH
By: Sidney Wallis Degan, III
    Charles Belsome Long

Counsel for Respondent,
Portland Utilities
Construction Company,
LLC

* * * * *


Before PITMAN, ROBINSON, and ELLENDER, JJ.

**PITMAN, C. J.**

Plaintiff the City of Shreveport (the "City") seeks a supervisory writ of the district court's sustaining of Defendant Burk-Kleinpeter, Inc.'s ("BKI") partial peremptory exception of prescription. For the following reasons, we grant the writ, reverse the judgment of the district court and remand for further proceedings.

**FACTS**

On September 28, 2022, the City filed a petition for damages and named numerous defendants, including BKI. It stated that from 2012 to May 2014, it was under investigation by the United States Environmental Protection Agency ("EPA") and the Louisiana Department of Environmental Quality due to its sewer system producing significant numbers of sanitary sewer overflows. On May 13, 2014, the United States District Court for the Western District of Louisiana issued a consent decree requiring sewerage repairs, replacements and rehabilitations. The City hired BKI to create, calibrate and verify a hydraulic model. It alleged that when it hired a new program manager in September 2019, it determined the hydraulic model to be defective and largely useless, which required massive reworking and caused significant costs and delays in the implementation of the projects required by the consent decree. The City argued that BKI breached its contract, committed gross negligence and/or is otherwise at fault and is liable for damages.

On February 28, 2023, BKI filed an answer and affirmative defenses. It admitted that it contracted with the City to provide professional services when negotiating with the EPA to create a sanitary sewer evaluation study, to develop a wastewater master plan and to create a hydraulic model of the

City's wastewater system. It denied the allegations the City made against it and contended that it performed the professional engineering services for the City in full accordance with their agreement, with the standards of ordinary care and reasonable skill exercised by other engineers in similar practice in this locality and in full compliance with the regulations and rules promulgated by the EPA in the consent decree. It stated that it was neither responsible for nor did it have any control over the construction means, methods, techniques or safety programs related to the work performed to improve, repair and/or replace the City's wastewater treatment system. It contended that any delays, disruptions or damages claimed by the City are due to the fault, acts or omissions of others and were not due to the fault, acts or omissions of BKI. It also argued that the City's claims were barred by the operation of peremption and/or prescription. It requested that the court dismiss the City's principal demands at the City's cost and for all other general, equitable and statutory relief that may be warranted.

On June 11, 2024, BKI filed a partial peremptory exception of prescription. It noted that the City raised tort and breach of contract claims against it and specified that this exception applied only to the tort cause of action. It argued that the tort claims prescribed pursuant to La. C.C. art. 3492.[1] It explained that the City asserted that the latest date the alleged tortious conduct occurred was July 2021, but the City did not file its petition until September 2022—beyond one year from July 2021. BKI requested that the district court dismiss the City's tort claims against it with prejudice.

_____

[1] As discussed below, La. C.C. art. 3492 has been repealed, and a two-year period of liberative prescription for delictual actions has been enacted in La. C.C. art. 3493.1.

2

On August 2, 2024, the City filed an opposition to BKI's partial peremptory exception of prescription. It stated that La. C.C. art. 3492 is not the applicable prescriptive period in a case against an engineer based upon its faulty acts as an engineer. It argued that the five-year preemptive period set forth in La. R.S. 9:5607 is applicable, that peremption began to run upon termination of the relationship between it and BKI in 2019 and that, therefore, its negligence causes of action against BKI have not prescribed.

A hearing on the partial peremptory exception of prescription was held on August 12, 2024. On August 22, 2024, the district court filed a judgment sustaining the exception and dismissing with prejudice all claims in tort alleged against BKI. It noted that this judgment did not address the additional cause of action for breach of contract alleged by the City against BKI.

On September 23, 2024, the City filed a notice of intent to apply for a supervisory writ from the court's judgment sustaining BKI's partial peremptory exception of prescription. This court granted the writ to the appeal docket.

## DISCUSSION

In its sole assignment of error, the City argues that the district court erred in applying La. C.C. art. 3492 rather than La. R.S. 9:5607 to its tort claims against BKI and, therefore, finding its tort claims prescribed by a period of one year. It acknowledges a split in decisions by different Louisiana courts of appeal regarding the applicable statutes and notes that its position is supported by the first circuit's decision in *Pizzolato v. Grier*, 18-0912 (La. App. 1 Cir. 3/14/19), 275 So. 3d 273, *writ denied*, 19-00698 (La. 9/24/19), 279 So. 3d 932, and that BKI's position is supported by the

3

fourth circuit's decision in *MR Pittman Grp., LLC v. Plaquemines Par. Gov't*, 15-0396 (La. App. 4 Cir. 12/2/15), 182 So. 3d 291.  It contends that the plain language of La. R.S. 9:5607 states that the five-year period applies to any claim—whether based upon tort, breach of contract or otherwise—against an engineer for engineering work.  It also discusses the legislative history of La. R.S. 9:5607 and argues that the removal of a one-year prescriptive/peremptive period signals the legislature's intent that the five-year peremptive period be the only period that applies in cases within the purview of the statute.  It contends that as La. R.S. 9:5607 is the more specific statute, it prevails over the general statute of La. C.C. art. 3492.  It also argues that prescriptive statutes are construed in favor of sustaining a claim.  The City states that BKI continued its work on the project until at least April 2019 and submitted reports until at least December 2017; and, therefore, the suit it filed on September 28, 2022, was timely under the five-year period provided for in La. R.S. 9:5607.

BKI argues that the district court did not err in applying the one-year prescriptive period pursuant to La. C.C. art. 3492 to the City's tort claims against it.  It contends that La. R.S. 9:5607 establishes a peremptive period, not a prescriptive period, and, therefore, does not displace La. C.C. art. 3492's one-year prescriptive period applicable to tort actions.  It also states that the City incorrectly relies upon outdated caselaw in the first circuit's decision in *Pizzolato* and ignores its more recent decision in *Conti Enters., Inc. v. Providence/GSE Assocs., LLC.*, 22-1249 (La. App. 1 Cir. 10/30/23), 377 So. 3d 715, *writ denied*, 23-01704 (La. 2/27/24), 379 So. 3d 668, which contradicts *Pizzolato*.

4

The interpretation of a statute is a question of law; and, thus, it is reviewed by this court under a de novo standard of review. *Thibodeaux v. Donnell*, 08-2436 (La. 5/5/09), 9 So. 3d 120.

Those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction. *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So. 2d 42, *on reh'g* (7/1/08). What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. *Id*.

Before it was repealed by 2024 La. Acts 423, § 2, La. C.C. art. 3492 stated that delictual actions are subject to a liberative prescription of one year that commences to run from the day injury or damage is sustained.

La. R.S. 9:5607 states in part:

A. No action for damages against any professional engineer . . . whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
    (1) The date of registry in the mortgage office of acceptance of the work by owner; or
    (2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
    (3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.

E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

F. The peremptive periods provided in Subsections A and B of this Section shall not apply to any proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners.

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. Peremption is a period of time fixed by law for the existence of a right. La. C.C. art. 3458. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. *Id.* Except as otherwise provided by law, peremption may not be renounced, interrupted or suspended. La. C.C. art. 3461. Peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period. *Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So. 3d 919.

As noted by the parties, Louisiana courts of appeal disagree as to whether the five-year peremptive period in La. R.S. 9:5607 displaces the one-year prescriptive period in La. C.C. art. 3492. Although the Louisiana Supreme Court has not directly addressed the question at issue in this case, it has stated that La. R.S. 9:5607 "governs damages actions against engineers and establishes a five-year peremptive period for such claims." *Ebinger v. Venus Const. Corp.*, 10-2516 (La. 7/1/11), 65 So. 3d 1279. *See also Rando*

6

*v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065, *abrogated by Pete v. Boland Marine & Mfg. Co., LLC*, 23-00170 (La. 10/20/23), 379 So. 3d 636 ("[T]here is now a five-year peremptive period for claims against engineers . . . [.]")  Similarly, this court has not yet considered La. R.S. 9:5607, except for Chief Judge Brown's dissent in *Kroger Co. v. L.G. Barcus & Sons, Inc.*, 44,200 (La. App. 2 Cir. 6/17/09), 13 So. 3d 1232, *writ denied*, 09-2002 (La. 11/20/09), 25 So. 3d 800, in which he stated, "La. R.S. 9:5607 now provides for a five-year liberative prescriptive/peremptive period in all actions, tort or contract, against, *inter alia,* professional engineers."  Therefore, we will examine the jurisprudence of other courts of appeal to inform our decision in this case.

In *MR Pittman*, *supra*, MR Pittman Group, L.L.C., a general contractor, sued three engineering firms, alleging tort claims, more than one year after the alleged acts of negligence or fault.  The engineering firms filed an exception of prescription, which the district court sustained.  The fourth circuit agreed and determined that the delictual claims against the engineering firms were subject to the general one-year prescriptive period established by La. C.C. art. 3492 and that the five-year peremptive period established by La. R.S. 9:5607 did not displace that one-year prescriptive period.  It reasoned:

> Subsection C of § 9:5607 clearly states "[t]he five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 ..." Thus, without a doubt, Subsection C explicitly designates the statute as peremptive.

> To support its contention that § 9:5607 displaces the general one-year prescriptive period, Pittman argues that the legislature's *removal* of a clause in a proposed version of the bill during the bill-adoption process, which clause stated that the prescriptive period was one year, signifies an intent on the

7

part of the legislature to make the applicable prescriptive period five years. We are unconvinced. The legislature's removal of the clause was simply an acknowledgement of its superfluous nature. The clause simply acted as a confirmation of the applicability of Article 3492 (stating in its pertinent part that "[d]elictual actions are subject to a liberative prescription period of one year"). An examination of Subsection D confirms this.

The statute as finally adopted includes specific references to other provisions of law that § 9:5607 displaces. Subsection D states that § 9:5607 "shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545." Thus, La. R.S. 9:2772, which establishes a peremptive period for actions involving surveying, design, and construction of immovable, is displaced, and Article 2762, which is a warranty provision, along with Article 3545, which is a conflicts-of-law provision, are displaced. Notably absent from this list in Subsection D of displaced statutes is Article 3492. The absence of Article 3492 from the list of laws which § 9:5607 takes precedence over and supersedes is evidence that § 9:5607 in establishing a peremptive period is not meant to displace any applicable *prescriptive* period.

Finally, the language of the statute in part A, "at the latest within five years," is further evidence of the legislature's intent to create a peremptive period and not to extend the one-year prescriptive period which is generally applicable to delicts. Unlike prescription, "[n]either suspension nor interruption applies to a peremptive period." William Crawford, 12 La. Civil Law Treatise § 10:11. Regardless of the circumstances, a right not exercised within its peremptive period is "forever lost." *See* La. Civ.Code Ann. art. 3458 cmt.b. This is in contrast to a prescriptive period which "merely prevents the enforcement of a right of action," and can thus be waived. *Id.*; *see also Pounds v. Schori,* 377 So.2d 1195 (La.1979); *Flowers, Inc. v. Rausch,* 364 So.2d 928 (La.1978).

The use of "at the latest" signifies a clear intent to create a peremptive period because such wording cannot exist in harmony with how a prescriptive period operates. One cannot say that an action cannot be brought "at the latest within 5 years" in establishing a prescriptive period, because the very nature of a prescriptive period allows its being extended by the circumstances or being waived entirely by the adverse party. As such, the statement in part A, "at the latest within five years," serves as further confirmation of the legislature's desire to create a peremptive period.

8

In *Pizzolato, supra*, the Pizzolatos sued an engineer and his employer for personal injuries and property damage arising from alleged long-term exposure to mold and extreme moisture in their home. The engineer filed an exception of prescription, arguing that the Pizzolatos had actual or constructive knowledge of their claim on April 27, 2016, but did not file their suit until May 4, 2017. The Pizzolatos filed an opposition and contended that their claims were in contract rather than tort, so a ten-year prescriptive period applied; that negligence causing long-term exposure to mold is a continuing tort and, thus, prescription did not begin to run until they vacated the home in late 2016; and that *contra non valentem* applied because they neither knew nor had any reason to know of the engineer's tortious conduct prior to July 2016. The district court sustained the exception of prescription and dismissed the Pizzolatos' claims with prejudice. On appeal, the first circuit found that the district court erred in finding that the Pizzolatos' claim was subject to a one-year prescriptive period. It determined that the Pizzolatos' claims were an action against a professional engineer, which, whether based on tort or breach of contract, was subject to a five-year prescriptive period as set forth in La. R.S. 9:5607. It reasoned:

> A review of [the engineer's] reports reveals that the work he performed for plaintiffs included "consultation, planning ... investigation, evaluation, [and] measuring" as a professional engineer. His final inspection of the premises was on August 11, 2015. Thus, as set forth in La. R.S. 9:5607(A)(3), plaintiffs had five years from that date to file their claim against [the engineer], making their 2017 suit against him timely.

In a concurrence, Judge Penzato stated:

> I respectfully concur with the majority and write separately to note that the single five year period of limitation for actions against professional engineers provided for in La. R.S. 9:5607

9

is a peremptive period, as opposed to a prescriptive period. I
recognize that the Fourth Circuit has held that the one year
prescriptive period for delictual actions was not displaced by
the five year peremptive period of La. R.S. 9:5607. *MR Pittman
Group, LLC v. Plaquemines Parish Government*, 2015-0396
(La. App. 4 Cir. 12/2/15), 182 So.3d 291, 297. I respectfully
disagree with the Fourth Circuit's interpretation of the language
of La. R.S. 9:5607, and decline to follow same. See *Daigle v.
Clemco Industries*, 593 So.2d 1282, 1286 n.4 (La. App. 1 Cir.
1991).

Notably, the Louisiana Supreme Court denied the engineer's application for

writ of certiorari. *See Pizzolato v. Grier*, 19-00698 (La. 9/24/19), 279 So. 3d

932.

In *Conti*, *supra*, the Terrebonne Parish Consolidated Government

("TPCG") filed a claim against an engineer and its insurer, arguing that the

engineer was liable to it for negligence or fault based upon numerous

breaches of contract. The engineer filed a motion for summary judgment

and asserted that TPCG's claims were barred by the five-year peremptive

period set forth in La. R.S. 9:5607. The district court granted the motion for

summary judgment. On appeal, the first circuit found that La. R.S. 9:5607

applied to the facts of the case and that the five-year peremptive period

began to run on the date the engineer completed the services it was

contracted to provide, i.e., September 16, 2013. As TPCG did not file suit

until May 2020, the first circuit determined that any action it may have had

against the engineer arising out of the services it provided was extinguished.

It therefore found that the district court correctly granted summary judgment

dismissing TPCG's claims as those claims were perempted under La.

R.S. 9:5607(A)(3).

The third and fifth circuits have also considered the retroactivity and

applicability of La. R.S. 9:5607. *See Rapides Par. Sch. Bd. v. Zurich Am.*

*Ins. Co.*, 19-312 (La. App. 3 Cir. 8/21/19), 279 So. 3d 981, *writ denied*, 19-01470 (La. 11/12/19), 282 So. 3d 226, *and writ denied*, 19-01498 (La. 11/12/19), 282 So. 3d 231; *Lafayette Par. Sch. Bd. v. Ratcliff Const. Co.*, 09-762 (La. App. 3 Cir. 2/3/10), 30 So. 3d 279, *writ granted, cause remanded*, 10-0931 (La. 9/17/10), 45 So. 3d 1059; *Lee v. Pro. Const. Servs., Inc.*, 07-865 (La. App. 5 Cir. 3/11/08), 982 So. 2d 837, *writ denied*, 08-0782 (La. 6/6/08), 983 So. 2d 919.

Although the Louisiana Supreme Court has not addressed the peremptive period set forth in La. R.S. 9:5607, it has considered statutes that create specific peremptive periods in actions regarding other types of professionals. In *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So. 3d 620, the Court considered the peremptive periods set forth in La. R.S. 9:5605, which apply to actions for legal malpractice. The language of La. R.S. 9:5605 is similar to that of La. R.S. 9:5607; notably Subsection E of both statutes states, "The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953." In *Lomont*, *supra*, the Court determined that the defendant committed fraud within the meaning of La. R.S. 9:5605(E); and, therefore, the peremptive periods contained in La. R.S. 9:5605 were not applicable and the plaintiff's legal malpractice claim was governed by the one-year prescriptive period in La. C.C. art. 3492.

We agree with the first circuit's analysis and rulings in *Pizzolato*, *supra*, and *Conti*, *supra*, and with Judge Penzato's concurrence in *Pizzolato*, *supra*, specifying that the five-year term in La. R.S. 9:5607 is peremptive, rather than prescriptive. We disagree with BKI's argument that the first circuit's decision in *Conti*, *supra*, contradicts its earlier holding in *Pizzolato*,

11

*supra*. Although the court in *Conti*, *supra*, does not discuss *Pizzolato*, *supra*, or analyze the difference between La. C.C. art. 3492 and La. R.S. 9:5607, the results of the cases are consistent.

We find that in actions against a professional engineer, whether based in tort or breach of contract, the five-year peremptive period set forth in La. R.S. 9:5607 supersedes the one-year prescriptive period set forth in La. C.C. art. 3492, except when Subsection E or F of La. R.S. 9:5607 applies. When, as considered by La. R.S. 9:5607(E), a plaintiff alleges that an engineer has acted fraudulently, La. R.S. 9:5607 is not applicable and La. C.C. art. 3492 applies. Similarly, La. C.C. art. 3492 applies in proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners, as considered by La. R.S. 9:5607(F). This application of La. R.S. 9:5607 and La. C.C. art. 3492 corresponds with that of La. R.S. 9:5605 and La. C.C. art. 3492 as determined by the Louisiana Supreme Court in *Lomont*, *supra*.

As the City made no allegations of fraud by BKI and La. R.S. 9:5607(F) is not at issue in this case, the five-year peremptive period set forth in La. R.S. 9:5607, rather than the one-year prescriptive period set forth in La. C.C. art. 3492, applies in this case. Therefore, the district court erred in sustaining the partial peremptory exception of prescription. Through our de novo review of the record, we find that the City timely filed its petition. The City alleges that BKI continued its work on the project until at least April 2019, and the City filed its petition on September 28, 2022. Pursuant to La. R.S. 9:5607(A)(3), the City filed its action for damages within five years from the date BKI completed its services.

Accordingly, this assignment of error has merit.

12

**CONCLUSION**

For the foregoing reasons, we grant Plaintiff the City of Shreveport's writ, reverse the judgment of the district court and remand for further proceedings. Costs of this appeal are assessed to Defendant Burk-Kleinpeter, Inc.

**WRIT GRANTED; JUDGMENT REVERSED; REMANDED.**