LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal from a trial court judgment granting summary judgment in favor of the defendants and dismissing the plaintiffs’ claims in their entirety with prejudice. The plaintiffs are appealing the trial court’s judgment. For the reasons that follow, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY

On September 1, 2000, Jim P. Wood, and his wife, Esther T. Wood, (the “Woods”) filed suit against their next door neighbor, Johnny Becnel, and his insurer, Louisiana Farm Bureau Mutual Insurance Company. The Woods alleged that Mr. Becnel had killed certain trees, including four oak trees and a sweet gum tree, located on their property. In their petition the Woods alleged that the trees had been killed by the application of a herbicide, Bromaeil, and that Mr. Becnel or persons under his direct control as employees or agents had intentionally or negligently applied Bromaeil to the trees.
liJn their petition the Woods also alleged that they had observed Mr. Becnel spraying chemicals on his property and that they had observed grass dying along the fence line between their property and Mr. Becnel’s property. In the spring of 1998, the Woods noticed that one of their oak trees was losing its new leaves almost immediately after the leaves had appeared on the tree. In the spring of 1999, the Woods also noticed that five of their trees were shedding their leaves as soon as they appeared on the trees. Additionally, after they returned from their summer vacation *1226 in 1999, they noticed that most of the leaves that had been on these trees were gone.
The Woods contacted Adrian S. Juttner, the owner of Adrian’s Tree Service, who testified in his deposition that he is an arboriculture expert with undergraduate and graduate degrees in forestry and forest management. Mr. Juttner examined the Woods’ trees and found that the trees were experiencing dieback symptoms in their crowns. Mr. Juttner thought that chemical damage had caused the dieback symptoms, and he testified in his deposition that “this looked to me like the act of a vandal”.
The Woods then requested that the Louisiana Department of Agriculture and Forestry (the “Department”) take soil samples from their property to determine whether a chemical agent had been applied to the trees that were dying. On September 10, 1999, an inspector from the Department took soil samples from around five of the dying trees. The samples were analyzed, and in a letter from the Department dated October 29, 1999, the Woods were advised of the results of the testing done by the Department. All of the soil samples had shown the presence of 13Bromacil, a chemical found in the general herbicide HyvarX, which is not available to the general public.
On November 5, 1999, the Department collected additional soil samples from the Woods’ property for testing. In a letter dated December 3, 1999, the Woods were advised that again, Bromacil had been found in all of the samples tested. In their petition the Woods alleged that Mr. Becnel had created a hostile living environment during the time that he had been their next door neighbor. Examples of how Mr. Becnel had created the hostile environment were listed in the petition. Included in the list were conflicts arising because Mr. Becnel put garbage on the Woods’ property despite their objection, let his dog foul their yard, took pecans from their property despite their objections, and placed a water line on their property. Additionally, Mr. Becnel hit golf balls toward the Woods’ property from a driving range on his property, and Mr. Becnel refused to allow water from a broken water line to be turned off during the installation of a fence on the Woods’ property. Mr. Becnel also hit an orange tree belonging to the Woods with a disc behind his mower and blamed the incident on the Woods’ grandson.
In the depositions taken in this case, Mr. Becnel testified that he has been in the citrus industry for twenty-seven years and that he is certified by the State of Louisiana to obtain and apply commercial chemicals used in the industry. Bromacil is such a chemical. Mr. Juttner, the arbori-culture expert, agreed in his deposition that any Bromacil affecting the Woods’ trees would have been applied by someone and would not have been due to natural causes. In light of these facts and the fact that there has been a long history of difficulties between the Woods and Mr. Becnel, the Woods are convinced that Mr. Becnel killed their trees. They |4allege that he is the only person who had both the motive to kill their trees and the licenses and expertise necessary to obtain Bromacil and apply it to the trees.
On April 8, 2002, Mr. Becnel and his insurer filed a Motion for Summary Judgment, which was heard on May 7, 2002. A Judgment on Motion for Summary Judgment was rendered on May 14, 2002, in favor of Mr. Becnel and his insurer. The Woods are appealing.

APPLICABLE LAW

Standard of Review
In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257 *1227 (La.2/29/00), 755 So.2d 226, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the mov-ant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Id. at p. 7 and at 230-31.
See also Randall v. Chalmette Medical Center, Inc., 2001-0871 (La.App. 4 Cir. 5/22/02), 819 So.2d 1129; Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, writ denied, 2002-0509 (La.4/26/02), 814 So.2d 558.
^Circumstantial Evidence
The basis on which the trial court granted the Motion for Summary Judgment was a lack of direct evidence and insufficient circumstantial evidence to prove that Mr. Becnel poisoned the Woods’ trees. While there is no direct evidence that Mr. Becnel poisoned the trees, there is, however, sufficient circumstantial evidence for this case to be tried.
The Louisiana Supreme Court has recognized that circumstantial evidence may be used to prove a plaintiffs case. In Lacey v. Louisiana Coca-Cola Bottling Co., 452 So.2d 162 (La.1984), the Supreme Court discussed the use of circumstantial evidence as follows:
In a civil case, the plaintiffs burden is to prove her case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. If, as in this case, circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Id. at 164 (emphasis in original).
See also Stroik v. Ponseti, 96-2897 (La.9/9/97), 699 So.2d 1072 (quoting the language in Lacey but finding that the circumstantial evidence before it went against the clear weight of direct evidence).
The Supreme Court has also determined that proof by circumstantial evidence is based on the same standard as proof by direct evidence. In Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971), the Supreme Court stated that “proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.” 257 La. at 1008, 245 So.2d at 155.
|fiThe Supreme Court has also recognized that circumstantial evidence can be used to defeat a motion for summary judg- *1228 merit. In Lyons v. Airdyne Lafayette, Inc., 563 So.2d 260 (La.1990), the Supreme Court stated in a per curiam decision that “[t]here is circumstantial evidence from which one could reasonably infer that the act was intentional, and weighing of factual evidence is inappropriate on a motion for summary judgment”. Id. See also Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257, p. 18 (La.2/29/00), 755 So.2d 226 at 236-37.
The Louisiana courts of appeal have followed the Supreme Court’s lead in allowing circumstantial evidence to be used to defeat motions for summary judgment. In Sea Robin Pipeline Co. v. New Medico Head Clinic Facility, 2000-0595 (La.App. 1 Cir. 6/22/01), 809 So.2d 176, the Court found that “[cjircumstantial evidence abounds ... leaving this issue ripe for consideration by a jury”. Id. at p. 9 and at 182.
In McNamara v. American Liberty Insurance Co., 99-175 (La.App. 3 Cir. 10/13/99), 745 So.2d 704, the Court found that “circumstantial evidence must exclude, with a fair amount of certainty, only reasonable and not merely possible hypotheses”. Id. at p. 6 and at 707. In McNamara, the Court further stated:
The question of whether one of the proposed alternative methods of entry presents a sufficiently reasonable hypothesis and the question of whether the circumstantial evidence did not exclude these methods with a fair amount of certainty are factual ones, which are not appropriate for summary judgment. Id. at p. 8 and at 708.
This Court has also recognized that circumstantial evidence may be sufficient to defeat a motion for summary judgment. In Florane v. Pendleton Memorial Methodist Hospital, 2002-0165 (La.App. 4 Cir. 5/29/02), 822 So.2d 642, this Court found that circumstantial evidence may establish the existence of a genuine issue of material fact such that summary judgment is precluded.

DISCUSSION

In the Reasons for Judgment on Motion for Summary Judgment, dated May 14, 2002, the trial court stated that “in order to resolve the issue in the Plaintiffs’ favor the evidence submitted would have to exclude any other reasonable hypotheses with a fair amount of certainty” and then determined that “in the absence of any direct evidence or stronger circumstantial evidence of any involvement on Becnel’s part in the destruction of these trees there is no reason for this litigation to proceed further”. This Court disagrees.
Eyewitness or other direct testimony is not required for the Woods to prove their case. They have the right to rely on circumstantial evidence related to previous actions by Mr. Becnel to try to demonstrate at trial by a preponderance of the evidence that he did, in fact, poison their trees.
In Knowles v. McCright’s Pharmacy, Inc., 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, the Court stated:
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent’s favor. Id. at p. 3 and at 103.
In the instant case, the Woods are opposing summary judgment. Because the factual inferences reasonably drawn from the circumstantial evidence presented by the Woods are to be construed in their favor at this juncture in the proceedings, summary judgment should not be granted.
The circumstantial evidence submitted by the Woods in opposition to the motion *1229 for summary judgment filed by Mr. Becnel and his insurer is sufficient to |screate a material issue of fact that precludes granting summary judgment. The material fact that is at issue is whether Mr. Becnel poisoned the Woods’ trees. A jury or other trier of fact should determine whether the circumstantial evidence excludes with a fair, but not absolute, amount of certainty all reasonable hypotheses for the destruction of the trees other than the hypothesis that Mr. Becnel poisoned them.
In Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, this Court stated that “[i]n determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence”. Id. at p. 4 and at 880. This Court further stated in the Coto case that “[a] summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith”. Id. (citing Penalber v. Blount, 550 So.2d 577, 583 (La.1989)). Also, as the Court observed in Carter v. BRMAP, 591 So.2d 1184, 1190 (La.App. 1 Cir.1992), summary judgment permits a party to use ex parte evidence to avoid a trial on the merits and thus avoid cross-examination to test the trustworthiness of the testimony. Mr. Becnel’s deposition testimony denying his involvement in the poisoning of the Woods’ trees is insufficient grounds for summary judgment. The factual determinations to be made in this case are based in part on motive, malice, and knowledge, and Mr. Becnel’s testimony should be subject to cross-examination before a determination as to the credibility of his testimony is made.
In addition to the allegations of hostility by Mr. Becnel against the Woods contained in the petition in the instant case, deposition testimony elicited additional details regarding the animosity between the neighbors. For example, Mr. Wood testified that Mr. Becnel shot a gun near the Woods’ home and that Mr. Becnel | ^admitted to Mr. Wood that Mr. Becnel had cut down an apple tree belonging to the Woods. It is for a jury or other trier of fact to observe the witnesses and the parties as they give their testimony and are cross-examined at trial to determine the credibility of the testimony. Whether Mr. Becnel poisoned the Woods trees is a question of fact a jury or other trier of fact should decide.
The circumstantial evidence submitted by the Woods does not exclude all possible hypotheses for the damage to their trees other than actions taken by Mr. Becnel. They have, however, submitted sufficient evidence that their trees were, in fact, poisoned, that an arboriculture expert thought the poisoning was the result of vandalism, that as a result of his occupation, Mr. Becnel, a professional farmer, had the ability to obtain the chemical that poisoned the trees, and that the chemical was not available to the general public. Further, there is evidence that Mr. Becnel has in the past taken actions against the Woods that could be construed as the acts of a vandal or otherwise malicious. A jury or other trier of fact should determine from the evidence presented at trial whether a preponderance of that evidence shows that Mr. Becnel poisoned the Woods’ trees.

CONCLUSION

Based on the foregoing discussion, we reverse the trial court’s judgment granting summary judgment in this case. The case is remanded for the trial court to conduct a trial on the merits.
REVERSED AND REMANDED.