Judge Terri F. Love
|, Mary Fiveash (“Ms. Fiveash”) appeals the trial court’s judgment granting partial summary judgment in favor of Pat O’Brien’s Bar, Inc., and its insurer Evans- *914 ton Insurance Company (collectively “Defendants”) dismissing with. prejudice her spoliation of evidence claim. The trial court found Ms. Fiveash failed to present any evidence to establish that Defendants intentionally destroyed evidence with the purpose of depriving her of its use at trial. Louisiana jurisprudence-has held summary judgment based on subjective facts like intent is rarely appropriate. The trial court incorrectly relied on self-serving and con-clusory affidavits that Defendants offered in support of their motion to conclude that no genuine issue of material fact exists as to intent. Based on the factual allegations and supporting evidence presented, reasonable minds may disagree as to Defendants’ motive and intent in failing to preserve the evidence in' this case. In that genuine issues of material fact exist- as to the intentional spoliation of evidence, we find summary judgment inappropriate.
Further, in that the trial court did not designate its judgment as a final 12appealable judgment, and it did not dispose of all Ms. Fiveash’s claims, we invoke this Court’s supervisory jurisdiction and convert the appeal to an application for supervisory review. Accordingly,-we grant the application for supervisory review, reverse the trial court’s judgment granting Defendants’ motion for partial summary judgment on the intentional spoliation issue, and remand for further proceedings.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This appeal arises from a lawsuit filed by Ms. Fiveash for injuries she claims to have sustained in a fall - on January 14, 2014, at Pat O’Brien’s. Ms. Fiveash alleges that the fall occurred on a step in the entranceway. to the piano bar, and the fall caused her to sustain a spiral break of her right humerus bone as well as other serious bodily injuries.
Gary O’Brien (“Mr. O’Brien”), head of maintenance at Pat O’Brien’s, testified that over the course of his employment he was aware of the step’s deteriorating condition. He testified that he installed a metal threshold sometime before Hurricane Katrina after Defendants noticed the step’s tiles were worn thin as a result of heavy foot traffic. He also stated that approximately twice in ten years he made repairs to the tile of the step, removing loose pieces of tile and patching the void with cement. He further noted that he “regrout-ed on a regular basis” as deterioration of the building’s flagstone was a regular issue.
.On July 11, 2014, Ms. Fiveash filed a petition for damages claiming Defendants are liable for the injuries she sustained when she fell exiting the piano bar. On September 12, 2014, counsel for Ms. Fi-veash began making repeated requests for an inspection of the step by Ms. Fiveash’s construction expert Steve Owens (“Mr. Owens”). On October 24, 2014, the parties agreed to conduct the [^expert inspection on November 24, 2014. However, on or about October 24, 2014, the step sustained damage when a garbage can on a platform with casters was dragged into the piano bar hitting the face of the step. As a result, the metal threshold became loose, which Mr. O’Brien testified posed a safety issue for Pat O’Briens’ patrons and required repair.
On October 80, 2014, counsel for Defendants notified counsel for Ms. Fiveash of the damage and intended repair before the Halloween weekend and sent photographs of the damaged step. Ms. Fiveash alleges on appeal that assurances were made during the October 30, 2014 conversation that there was no need to expedite the November 24, 2014 expert inspection. Counsel for Defendants assured counsel for Ms. Fi-veash that the step would be repaired to *915 the “identical condition” it was in before the garbage can incident. Confirmation of the conversation was sent in an email on November 26, 2014, from Ms. Fiveash’s counsel to counsel for Defendants.
On November 6, 2014, counsel for Defendants informed Ms. Fiveash’s counsel that the repairs were not made- in advance of the Halloween weekend and would not take place until November 10, 2014. The next day, Ms. Fiveash’s counsel visited the site and took photographs of the step which were submitted as a supplemental response to discovery requests. The -repairs were ultimately made on November 10, 2014, seventeen days after the garbage can incident. Mr. Owens’ expert inspection of the newly repaired step took place as scheduled on November 24,2014.
Based on the altered condition of the step, Ms. Fiveash filed an amended petition asserting a claim for spoliation of evidence on December 19, 2014. Specifically, she claimed Defendants’ actions impaired her liability claim by 1 ¿intentionally destroying the condition of the step, which is the subject of her cause of action. Defendants subsequently filed a motion for partial summary judgment alleging that the condition of the step was not destroyed or repaired with the intent to deprive Ms. Fiveash of its use at trial. They claimed that Ms. Fiveash is unable to prove intent because she relies on “nothing but allegations” and mischaracterization of correspondence between counsel. Moreover, they allege that the repairs did not substantially alter the step and were merely “cosmetic changes.” In support of its motion, Defendants submitted Ms.’ Fiveash’s deposition, photographs of-the step, Mr. O’Brien’s deposition, Defendants’ expert witness affidavit and report, and the affidavits of both Mr. O’Brien and Gerald Engel (“Mr. Engel”), the chief financial officer of Pat O’Brien’s.
Ms. Fiveash filed an opposition and cross-motion for partial summary judgment, claiming the undisputed facts support granting summary judgment in her favor as to the spoliation issue. She avers that a comparison of the before and after photographs shows a noticeable difference in the appearance of the step. Despite Defendants’ assurances, the photographs show that the step was not repaired to the identical condition, nor was the repair “merely cosmetic in nature.” To support her contention, Ms. Fiveash attached to her opposition and cross-motion the deposition testimony of Defendants’ two managers and its head of maintenance, the before and after photographs, her expert’s inspection report, and email correspondence between counsel.
Ms. Fiveash claimed in her cross-motion for summary judgment that there are no disputed facts in this case, only “disputes as to the legal conclusions based on these facts.” In particular, she -stated that the undisputed facts show Defendants had a duty to maintain the condition of the step; it destroyed the step as -the repairs 15were not made to, an identical condition; it failed to adequately explain the destruction of the step’s condition; the destruction .impaired Ms. Fiveash’s claim that the condition .of the step was the cause of her fall; and the repair was motivated by a desire to deprive her of the step’s condition.as evidence at trial. Even if the undisputed facts set forth on summary judgment were not sufficient to prove intentional spoliation, she asserted that at the very least the evidence is sufficient to establish genuine issues of material fact exist to preclude granting Defendants’ motion for partial summary judgment.
Thereafter, a hearing on the motions was held. The trial court granted Defendants’ motion for partial summary judgment as to the spoliation issue, denied Ms. *916 Fiveash’s cross-motion for partial summary judgment, and dismissed with prejudice Ms. Fiveash’s spoliation claim. The trial court subsequently issued its notice of signing of the judgment and written reasons for judgment. Ms. Fiveash timely files this appeal.

JURISDICTION

Before reviewing Ms. Fiveash’s assignments of error, we address whether the present appeal is properly before this court; La. C.C.P. art. 1915(B)(1) states:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but- less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
“By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party.” Vegas v. Wal-Mart Stores, Inc., 03-2239, p. 3 (La.App. 1 Cir. 9/17/04), 888 So.2d 242, 243. In MR Pittman Grp., LLC v. Plaquemines Parish Gov’t., 15-0395, p. 2 (La.App. 4 Cir. 9/16/15), 176 So.3d 549, 551, this Court stated:
an “[ajppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside,' or reversed by an appellate court.” La. C.C.P. art. 2082 (emphasis added). A final judgment is appealable. See La. C.C.P. art. 2083A. “A judgment that determines the merits in whole or in part is a -final judgment.” La. C.C.P. art. 1841. But “[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B).” La. C.C.P. art. 1911 B (emphasis added). This may be contrasted with a partial final judgment under Article 1915 A which does not require designation. See id.
Thus, a judgment which determines the merits “in whole,” that is one which grants the successful party or parties all of the relief prayed for or adjudicates all of the issues in the case, does not require designation by the trial judge as appealable.

Id.

The trial court’s September 11, 2015 judgment dismissed with prejudice only Ms. Fiveash’s claim for intentional spoliation of evidence. Her liability claim, however, remains unadjudicated. Moreover, the trial court did not designate the appeal as a final judgment. Ms. Fiveash filed her motion for appeal within thirty days of the judgment granting partial summary judgment and thus, was within the time period for filing an application for supervisory writ. Therefore, we invoke the court’s supervisory jurisdiction and convert the instant appeal to a writ. Bd. of Sup’rs of LSU v. Mid City Holdings, 14-0506, p. 3-4 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 911 (an appellate court may exercise its discretion to convert an appeal to an application for supervisory review). We now address the merits of the substantive issues before us.

STANDARD OF REVIEW

Appellate courts review summary judgments de novo, using the same standards that direct a trial court’s consideration of whether summary judgment is ^appropriate. Francis v. Union Carbide Corp., 12-1397, p. 2-3 (La.App. 4 Cir. *917 5/8/13), 116 So.3d 858, 860. This Court has previously noted that:
[t]he motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with' the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). “However, if the movant” does “not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment,” then “the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but, rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
Id., 12-1397, p. 3, 116 So.3d at 860; See also Wood v. Becnel, 02-1730, p. 4 (La.App. 4 Cir. 2/26/03), 840 So.2d 1225, 1227.
Moreover,
[djespite the legislative mandate that summary- judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 1 (La. 12/8/00), 775 So.2d 1049, 1050. This court reasoned in Coto v. J. Ray McDermott, S.A., 99-1866, p. 4 (La.App. 4 Cir. 10/25/00), 772 So.2d 828, 830 that determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.
Quinn v. RISO Investments, Inc., 03-0903, p. 3-4 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 926 (emphasis added).
In Lacey v. Louisiana Coca-Cola Bottling Co., the Louisiana Supreme Court stated:
In a civil case, the plaintiffs burden is to prove her case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. If, as in this case, circumstantial evidence is relied upon, that evidence, taken as a • whole, must' exclude every other | seasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes.
Id., 452 So.2d 162, 164 (La.1984) (emphasis in original).
Likewise, our jurisprudence has recognized that a plaintiff may use circumstantial evidence to defeat a motion for summary judgment. Wood, 02-1730, p. 6, 840 So.2d at 1227; Florane v. Pendleton Memorial Methodist Hosp., 02-0165 (La.App. 4 Cir. 5/29/02), 822 So.2d 642; Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La. 2/29/00), 755 So.2d 226. In determining when circumstantial evidence leaves an issue ripe for a jury or other trier of fact, this Court acknowledged that the question of “whether one of the proposed alternative [causes] presents a sufficiently reasonable hypothesis and the question of whether the circumstantial evidence did not exclude these [causes] with a fair amount of certainty are factual ones, which are not appropriate for summary judgment.” Wood, 02-1730, p. 6, 840 So.2d at 1228 (quoting McNamara v. American Liberty Ins. Co., 99-175, p. 8 (La.App. 3 Cir. 10/13/99), 745 So.2d 704, 708).

*918
SPOLIATION OF EVIDENCE

Ms. Fiveash assigns as error the trial court’s granting of partial summary judgment in favor of Defendants as to her intentional spoliation claim. In Reynolds v. Bordelon, 14-2362 (La. 6/30/15), 172 So.3d 589, the Louisiana Supreme Court held that Louisiana only recognizes a cause of action for intentional spoliation. Similarly, in Quinn, we stated that “[t]he theory of ‘spoliation of evidence’ refers to an intentional destruction of evidence for the purpose of depriving opposing parties of its use.” Id., 03-0903, p. 5, 869 So.2d at 926-27 (citing Pham v. Contico Intern. Inc., 99-945, p. 4 (La.App. 5 Cir. 3/22/00), 759 So.2d 880, 882). We found that allegations of negligent spoliation were insufficient and that a claimant must |9allege the destruction was intentional. Id., 03-0903, p. 5, 869 So.2d at 927.
Ms. Fiveash carries the burden of proof at trial. Accordingly, Defendants need only show there is an absence of factual support for one or more elements essential to Ms. Fiveash’s claim. This Court is called upon to evaluate the evidence only to determine whether genuine issues of material fact remain as to whether Defendants intentionally destroyed evidence for the purpose of depriving Ms, Fiveash of its use at trial. Thus, the weighing of evidence and the evaluation of sworn testimony for its truthfulness is outside the scope of a court’s authority on summary judgment.

Defendants’ Supporting Evidence

The trial court found Defendants submitted competent summary judgment evidence to demonstrate that there is an absence of factual support to prove intent. Defendants point to Ms. Fiveash’s deposition testimony, claiming “Ms. Fiveash stated that she fell because she was not expecting a step down; she believed the floor continued at the same level as it was-inside the piano bar.” Defendants aver that Ms. Fiveash’s testimony proves the step’s condition did not cause her fall. Thus, if she cannot prove the step’s condition was the cause of her fall, then she cannot, prove that spoliation of the step’s condition impaired her liability claim because the evidence is not relevant. A review of her testimony, however, indicates otherwise. Ms. Fiveash stated that she had “no idea” and “did not know” what caused her fall. Further, because Ms. Fiveash did not expect a step does not-mean that.it was. not the cause of her fall.
Defendants also submitted the affidavits of two of its employees who attested to the fact that the step sustained damages in October 2014 when a garbage can was dragged across the entryway, loosening the metal threshold. Both Mr. |1flO’Brien and Mr. Engel stated that the- loose threshold posed a safety risk to its patrons. Defendants also produced photographs of the step one month after Ms. Fiveash’s accident. They averred that these photographs demonstrated that not all the evidence of the step’s condition was destroyed. Therefore, Defendants argue that reasonable persons can reach only one conclusion, that they did not destroy the evidence to prevent its use at trial.
The trial court agreed and found “any allegation by plaintiff that defendants permanently destroyed all evidence of the step’s condition at the time of her fall is false.” However, we note that Ms. Fiveash does not claim that all evidence was destroyed. Instead, she contends that the step’s condition is the subject of her liability claim in that she alleges the condition of the step was the cause of her fall. Defendants are not absolved of the duty to preserve the condition of the step because some evidence, photographs in this ease, still exists which Ms, Fiveash may use at *919 trial. In Quinn, we held “[w]here suit has not been filed and there is no evidence that a party knew suit would be filed when the evidence was discarded, the theory of spoliation of evidence does not apply.” Id., 03-0903,p. 5, 869 So.2d at 927 (citing Smith v. Jitney Jungle of Am., 35,100, p. 11 (La.App. 2 Cir. 12/5/01), 802 So.2d 988, 995). Thus, knowledge is an underlying material issue in the ultimate determination of intent.
Litigation in this case was well underway when Ms. Fiveash first requested an inspection of the step’s condition by her expert witness. Additionally, Defendants were aware, of Ms. Fiveash’s repeated efforts to schedule her expert’s inspection. Review of the competing expert reports also demonstrates that certain information and data, providing insight as to the condition of the step, is unattainable from looking at a photograph of the step before its repair. In | particular, precise measurements of the step’s rise and slope, the step’s density, as well as the step’s stability are facts which may explain the step’s condition and whether it was the cause of Ms. Fiveash’s fall. Furthermore, there is no requirement that evidence be completely or permanently destroyed to find spoliation of evidence occurred, and Defendants do not offer any authority stating the same. Therefore, we disagree with Defendants in this regard.
Nevetheless, the trial court found Defendants offered competent evidence to show an absence of factual support to prove intent, an essential element of Ms. Fiveash’s intentional spoliation claim. La. C.C.P. art. 966(C)(2).

Ms. Fiveash’s Supporting Evidence

As the party opposing the motion, Ms. Fiveash may defeat summary judgment by direct or circumstantial evidence to establish that she will be able to satisfy her evidentiary burden at trial. Id. We note that “[b]ecause of the inherent difficulties of proving intent, strict proof of fraud is not required to show intent to deceive.” State Farm Mut. Auto, Ins. Co. v. Bridges, 45,162, p. 4-5 (La.App. 2 Cir. 5/19/10), 36 So.3d 1142, 1147. “The. intent to deceive must be determined from the attending circumstances which indicate [one’s] knowledge of [wrongdoing] and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that [he] recognized the materiality of the misrepresentations.” Id., 45,162, p. 5, 36 So.3d at 1147 (emphasis added). Here, the trial,court stated that “plaintiff contends that the repairs made to the step in question were not just cosmetic in nature [but she] presents no evidence to establish the fact that defendant intentionally destroyed evidence for the purpose of depriving opposing parties of its use.”
Pursuant to Quinn, we find Ms. Fiveash’s amended petition set forth Insufficient allegations of intentional destruction of evidence. Ms. Fiveash alleged that it was because of the “specific assurances” by Defendants that the step would be repaired to its “identical condition” that she agreed to permit the repair ahead of the November 24, 2014 expert inspection. Emails between counsel indicate that, beginning in September 2014, Ms. Fiveash made repeated requests for an inspection by her expert witness. Email correspondence also shows that Defendants gave counsel' for Ms. Fiveash the option of inspecting the step immediately. Yet, counsel for Defendants indicated to Ms. Fiveash’s counsel that there was no need to expedite her expert’s inspection because the repairs were merely “cosmetic in nature.” Ms. Fiveash, asserts that but for these assurances, she would not have agreed to. the step’s repair prior to her expert witness’ inspection.
*920 Conversely, Defendants claim that Ms. Fiveash mischaracterizes the correspondence between opposing counsel, alleging it is “one-sided” and sent after the inspection occurred. Nevertheless, Defendants do not refute that they made these assurances or direct this Court to any email or other evidence which shows they disagreed with opposing counsel’s recitation of the alleged conversation as it pertained to repairing the step to its “identical condition.”
Ms. Fiveash also contends that Defendants’ assertions on partial summary judgment not only conflict with each other but also the evidence they use to support their contention that they did not intentionally destroy evidence. Of note, the affidavits of Defendants’ employees reveal Defendants’ varying factual assertions as to the purpose of the repair. Mr. Engel and Mr. O’Brién attested to the fact that the repairs were necessary for safety reasons, but in their motion for partial summary judgment Defendants assert that the repairs were only “cosmetic in nature.”
| ^Defendants’ expert Mr. Charles Prew-itt (“Mr. Prewitt”) opined that based on the photographs the repaired step was “substantially the same” as the step appeared one month after Ms. Fiveash’s fall. Yet, Defendants acknowledge that “the step, as it existed in January/February 2014, was in no way in the same shape or condition as it was in October 2014 following the damage caused by the [garbage] can.” This admission is supported by Mr. O’Brien’s testimony, who testified that pri- or to him repairing the step, the floor underneath it was “spongey.” He testified that after the repair it did not have the same noticeable give.
Ms. Fiveash avers that the inconsistency of Defendants’ factual allegations and the supporting photographs proves that the step’s condition was altered significantly. In other words, Defendants cannot rely on their expert’s findings which are, at the same time, in stark contrast to Defendants’ claims and Mr. O’Brien’s supporting deposition testimony, that the step as it appeared in October 2014 is “in no way in the same shape or condition” as it was when Ms. Fiveash fell. Ms. Fiveash maintains that the photographs demonstrate that “significantly more substantial changes” were made pursuant to the November repair, altering the step’s condition and appearance in a way that it was noticeably different than the step as it existed around the time of her fall and at the time it sustained damage from a garbage can. Consequently, Ms. Fiveash contends Defendants’ claim that the repair did not change the step in any material way is inconsistent with the evidence presented. The trial court acknowledged this point to be true, noting at the motion hearing that the photographs showed that the condition of the step looked “substantially different.”
Ms. Fiveash also cites her expert witness’ findings from his inspection as evidence of the step’s altered condition. After Mr. Owens’ inspection of the h Repaired step, he opined that the condition of the step changed. He stated that “the step [depicted in the before photographs] was much worst [sic] than the step” he inspected on November 24, 2014. Mr. Owens also found the threshold nosing was “more likely than not, 1/4 [to] 1/2 [inch] higher than the Mexican tile walking surface” following the November 10, 2014 repairs. Moreover, Ms. Fiveash avers that although Defendants claimed the step repair was urgent, they waited ten days before performing the repair. Ms. Fiveash asserts that if the repair was “merely cosmetic in nature,” then the repair could not have been so urgent that it could not wait another fourteen days when Ms. Fiveash’s construction expert could perform an inspection.
*921 Ms. Fiveash contends that in light of the foregoing circumstantial evidence, particularly Defendants’ own inconsistent assertions, she has submitted competent evidence to establish that a genuine issue of material fact exists. The trial court reasoned:
Plaintiff asks this Court to infer bad faith from the fact that defendants claimed the step repair was urgent, but then proceeded to wait ten days to repair it. What this Court finds persuasive is defendants’ argument that the step sustained damages in October 2014, and needed to be repaired because it created a safety concern.
(emphasis added).
We disagree. The trial court incorrectly accepts as fact the very question it inappropriately seeks to answer. Whether Defendants intentionally destroyed evidence of the step’s condition is a question for the trier of fact. We find the trial court erred by weighing the evidence and determining what evidence it deemed “persuasive.” The only question to determine on partial summary judgment was whether sufficient evidence was presented from which a jury may reasonably disagree as to whether Defendants intended to destroy evidence of the step’s | ^condition to deprive Ms. Fiveash’s use of it at trial.
The only evidence Defendants submitted as to intent and tends to support their motion for partial summary judgment is the two affidavits of Defendants’ employees. Mr. O’Brien and Mr. Engel both attested to the fact that the step’s repair was for safety purposes and that Defendants did not intentionally destroy the evidence to prevent Ms. Fiveash’s use of it at trial. We find that subjective facts like the ones presented in this case turn on the state of mind.
In Quinn, we stated that summary judgment based on facts like intent, motive, malice, knowledge, or good faith is “rarely appropriate.” Id., 03-0903, p. 6, 869 So.2d at 927; See also Robertson v. Frank’s Super Value Foods, Inc., 08-592 (La.App. 5 Cir. 1/13/09), 7 So.3d 669. Traditionally, courts are cautious of accepting'unsubstantiated claims without the trier of fact having the opportunity to observe and listen to the testimony and to make necessary credibility determinations. Indep. Fire, 99-2181, p. 16-17, 755 So.2d at 236. Acceptance of unsubstantiated claims or self-serving affidavits on summary judgment sets a 'low bar, encouraging parties to lie or recite a similar story absolving parties of liability to ensure or defeat summary judgment. See generally, Lakewood Estates Homeowner’s Ass’n, Inc. v. Markle, 02-1864, p. 5-6 (La.App. 4 Cir. 4/30/03), 847 So.2d 633, 637-38 (plaintiff may offer his own testimony to establish oral contract, but other corroborating circumstances must come from a source other than the plaintiff); Hilliard v. Yarbrough, 488 So.2d 1038, 1040 (La. App. 2nd Cir. 1986); also Suire v. Lafayette City-Par. Consol. Gov’t, 04-1459, p. 29-30 (La. 4/12/05), 907 So.2d 37, 58 (plaintiffs only proof of an oral contract was his own uncorroborated testimony).
Here, the only evidence offered specific to the element of intent is the | ^affidavits of the party seeking to prove that there was no intentional destruction of evidence. The veracity of the sworn statements is á question of fact that inevitably requires credibility determinations, weighing of evidence, and drawing legitimate inferences from the facts—all of which are duties that only the trier of fact may perform. Moreover, the other supporting evidence Defendants offered fails to prove that no génuine issues of material fact exist. Therefore, we find granting partial summary judgment in this case inappropriate.

*922
DECREE

In light of the facts and circumstances presented, reasonable minds may disagree as to Defendants’ motive and intent in failing to preserve the step’s condition until such time that Ms. Fiveash’s expert could perform an inspection. Based on the circumstantial evidence presented, genuine issues of material fact exist which make granting Defendants’ partial summary judgment motion inappropriate. Therefore, we find the trial court erred when it weighed the evidence and determined what evidence it deemed “persuasive.” The trial court’s judgment in favor of Defendants as to Ms. Fiveash’s intentional spoliation of evidence claim is reversed and remanded for further proceedings in line with this opinion.
Accordingly, we convert Ms. Fiveash’s appeal to an application for supervisory writ; grant the writ application, reverse the trial court’s judgment in favor of Defendants; and remand for further proceedings.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; REVERSED AND REMANDED
DYSART, J., DISSENTS WITH REASONS
LOBRANO, J., CONCURS IN THE RESULT