Judge Terri F. Love
Yvonne Ainsworth ("Ms. Ainsworth"), individually and on behalf of her deceased mother, Ms. Sylvia Taylor ("Ms. Taylor"), filed the instant lawsuit, alleging that the conditions at Touro Infirmary ("Touro") during Hurricane Katrina caused or contributed to the injuries Ms. Taylor sustained while under its care. Ms. Ainsworth seeks appellate review of the trial court's granting of summary judgment in favor of Touro and Healthcare Casualty Insurance Limited ("HCIL"). In light of the environmental conditions at Touro and Touro's admitted failures to adequately care for its patients, expert testimony is not required to prove claims of temporary suffering. However, we find expert testimony necessary to establish whether the conditions at Touro contributed to or caused Ms. Taylor's death. Therefore, as to plaintiff's wrongful death claims, we find summary judgment premature. Pursuant to La. C.C.P. art. 966(A)(3), we reverse the trial court's ruling granting summary judgment and remand to allow Ms. Ainsworth to conduct additional discovery.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
Ms. Taylor, an 82 year old woman, who had undergone radiation therapy for lung cancer, was admitted to Touro on August 26, 2005. According to Touro's medical records, Ms. Taylor presented with complaints of nausea and vomiting for three days with an episode of hematemesis but was found not to be in any "acute distress." She was diagnosed with hematemesis, nausea, vomiting, dehydration, digoxin toxicity, COPD, and lung cancer.
On August 29, 2005, Hurricane Katrina struck the City of New Orleans, causing severe damage, power outages, and a lack of clean water. Ms. Taylor was not evacuated prior to the hurricane making landfall and remained at Touro, whose generators had failed. On August 31, 2005, Ms. Taylor was evacuated from Touro. A discharge summary from Touro in UT Southwestern's records for Ms. Taylor noted her "long term prognosis poor." Medical records show Ms. Taylor was admitted to University of Texas-Southwestern Medical Center/St. Paul University Hospital ("UT Southwestern") in Texas on September 1, 2005. However, her medical records fail to indicate what transpired between the time she was evacuated from Touro and her admission at UT Southwestern the following day.
A radiological consult on September 2, 2005, indicated that Ms. Taylor's lung cancer had metastasized to her brain, and it was recommended that "she undergo palliative radiation therapy to the brain." On September 17, 2005, Ms. Taylor was discharged from UT Southwestern in "guarded" condition and was placed in a hospice *362 facility. Ms. Taylor passed away on October 14, 2005.
Although initially a putative class member in a class action suit against Touro, Ms. Ainsworth timely filed suit individually against Touro on January 23, 2014, after the denial of the class. Ms. Ainsworth sought damages for Touro's negligence, alleging Touro breached its duty to its patients to evacuate them safely or to provide a safe and adequate environment for them in the wake of Hurricane Katrina. Touro and HCC filed a motion for summary judgment, and a hearing was held, after which the trial court granted summary judgment.
After Ms. Ainsworth's appeal was lodged with this Court, the parties filed a joint motion to remand the matter on the basis that the trial court's judgment lacked the necessary decretal language in order for this Court to have proper appellate jurisdiction. This Court granted the joint motion and the record was supplemented with a "Reformed Judgment." Ms. Ainsworth seeks this Court's reversal of the granting of summary judgment.
STANDARD OF REVIEW
Courts of appeal review de novo a trial court's ruling on a motion for summary judgment, applying the same standard as the trial court. Klutz v. New Orleans Pub. Facility Mgmt., Inc. , 05-0327, p. 2 (La. App. 4 Cir. 12/21/05), 921 So.2d 1021, 1023 (citing Schmidt v. Chevez , 00-2456, p. 4 (La. App. 4 Cir. 1/10/01), 778 So.2d 668, 670 ).
"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3) ; Klutz , 05-0327, p. 3, 921 So.2d at 1023. The burden rests with the mover, unless the mover will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1). In which case, "the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim...but rather to point out...the absence of factual support for one or more elements essential to the adverse party's claim...." Id.The burden shifts to the adverse party to produce factual support demonstrating "the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id.
DISCUSSION
Pursuant to La. C.C. art. 2315, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Under a duty/risk analysis, liability attaches when the plaintiff successfully proves the following:
(1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).
Mathieu v. Imperial Toy Corp. , 94-0952, p. 4-5 (La. 11/30/94), 646 So.2d 318, 322.
Duty
There is no genuine issue of material fact as to whether Touro had a duty to conform its conduct to a specific standard of care. Ms. Ainsworth contends that Touro *363 assumed an independent duty of safety, a duty to provide necessary provisions, and a duty to provide a safe environment to its patients. Likewise, she asserts that it was judicially determined that Touro had a duty to its patients, including Ms. Taylor, to provide ventilated air. Touro concedes that this Court previously held that Touro owed a duty to provide adequate ventilation for patients. See Serou v. Touro Infirmary , 12-0089 (La. App. 4 Cir. 1/9/13), 105 So.3d 1068. Despite its concession, Touro asserts that it is of no consequence because Ms. Ainsworth cannot demonstrate breach of duty, causation, or damages. We therefore examine next whether the evidence demonstrates a genuine issue of material fact as to a breach of duty owed to Ms. Taylor.
Breach of Duty
Touro maintains that Ms. Ainsworth has not demonstrated that Touro breached its duty as to Ms. Taylor. Instead, it focuses on Ms. Taylor's pre-existing conditions, stating "she faced a very poor prognosis even before the storm, and these pre-existing conditions preced[ed] the alleged negligent acts." It is undisputed that Touro lost power and the conditions inside Touro began to deteriorate. According to Touro's then-CEO, Leslie Hirsch ("Mr. Hirsch"), "[a]s the outside temperature climbed in the nineties, and the AC system had failed, the hospital suffered oppressive heat and humidity." He described the conditions at Touro as "unbearably hot, especially for the patients." He further testified that, "[Touro] could no longer provide basic services to safely care for [its] patients." Consequently, the decision was made to evacuate the facility "because the building was just not a safe place for them to be any longer."
Causation and Damages
Touro's motion for summary judgment centers on the argument that Ms. Ainsworth's wrongful death claim lacks sufficient evidentiary support, specifically medical expert testimony, for the elements of causation and damages. However, Ms. Ainsworth's petition, as argued in opposition to summary judgment, asserts two types of claims: temporary pain and suffering and wrongful death. We find that while expert testimony is not required to prove temporary suffering under the specific facts of this case, expert testimony is necessary to prove wrongful death. We discuss our reasoning in greater detail below.
Ms. Ainsworth contends that due to Touro's actions and inactions, Ms. Taylor was subject to and forced to endure sweltering temperatures, inadequate ventilation, lack of provisions, and unsanitary conditions. As a result of the environmental conditions inside Touro, Ms. Ainsworth alleges her mother sustained injuries including but not limited to: dehydration, over-heating, exhaustion, severe mental anguish, fear, extreme stress, anxiety, and depression. She also alleges that the environmental conditions inside Touro contributed to and/or caused her mother's death.
Conversely, Touro argues that no complaints, critiques, or commentary on the conditions of Touro are contained in her medical records from UT Southwestern. It avers that in light of Ms. Taylor's pre-existing conditions there is no evidence in her medical records to indicate any new conditions emerged in connection with the alleged negligent acts. Further, Touro contends that Ms. Taylor's cause of death (lung cancer and diffuse brain metastasis ) bears no relationship to the alleged conditions at Touro, nor is there any evidence of injuries to Ms. Taylor, apart from what it describes as "conjecture and argument."
Touro relies on Falcone v. Touro Infirmary , 13-0015, 13-0016 (La. App. 4 Cir. 11/6/13), 129 So.3d 641, for the proposition that each plaintiff has the burden of proving *364 that the conditions of the hospital caused his or her injuries. Unlike Falcone , which involved appellate review of a jury verdict, this matter is before us on summary judgment and subject to a different standard of review. The inquiry in Falcone was whether the jury's verdict was reasonable based on the evidence presented at trial. Conversely, the inquiry on appellate review in this case is whether reasonable minds could disagree. While no two individuals have the same exact risk, Ms. Ainsworth avers that Touro's former CEO testified that the conditions were such that Touro could not adequately care for its patients. She contends that this evidence calls into question the adequacy of Touro's measures to safely care for its patients, particularly in reducing the heat risk for all patients, and certainly for those patients with pre-existing conditions like Ms. Taylor. Ms. Ainsworth maintains that sufficient evidence has been presented from which reasonable minds could disagree.
In granting summary judgment, the trial court found that "the only way for [Ms. Ainsworth] to satisfy her evidentiary burden without any medical records or any other type of direct evidence is through expert testimony." (emphasis added). The trial court determined that "[w]ithout an expert, Ms. Ainsworth cannot establish the causal connection necessary to prove that the conditions at Touro following Hurricane Katrina caused Ms. Taylor's death."[1]
A plaintiff is not limited to direct evidence in order to overcome summary judgment. A plaintiff may use circumstantial evidence to defeat a motion for summary judgment. Wood v. Becnel , 02-1730, p. 5 (La. App. 4 Cir. 2/26/03, 840 So.2d 1225, 1227. Ms. Ainsworth's burden is to prove her case by a preponderance of the evidence. Id. (citing Lacey v. Louisiana Coca-Cola Bottling Co. , 452 So.2d 162, 164 (La. 1984) ). "This burden may be met by direct or circumstantial evidence. [When] circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes." Id.
Further, "[t]he standard for determining the causal relationship is whether plaintiff proved 'by a preponderance of the evidence through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.' " Williams v. Mathieu , 13-1373, p. 2 (La. App. 4 Cir. 10/29/14), 155 So.3d 54, 57 (quoting Ducombs v. Nobel Ins. Co. , 03-1704, p. 7-8 (La. App. 4 Cir. 7/21/04), 884 So.2d 596, 601 ). Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. Chavers v. Travis , 04-0992, p. 10 (La. App. 4 Cir. 4/20/05), 902 So.2d 389, 395 (citing Hutchinson v. Shah , 94-0264, p. 3 (La. App. 1 Cir. 12/22/94), 648 So.2d 451, 452 ). In Pfiffner v. Correa , 94-0924, 94-0963, 94-0992, p. 9-10 (La. 10/17/94), 643 So.2d 1228, 1234, the Louisiana Supreme Court explained:
[T]here are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof.
*365 The conditions inside Touro were such that patients were exposed to "oppressive heat and humidity," inadequate ventilation, unsanitary conditions, and a lack of provisions including food and water. In light of the dangerous conditions inside Touro as established by Mr. Hirsch's testimony, coupled with Touro's admitted failures to provide basic services to safely care for its patients, Ms. Ainsworth contends expert testimony is not required to show that Touro's breach of duty caused Ms. Taylor's temporary suffering or wrongful death.
Ms. Ainsworth asserts that although Ms. Taylor is not alive to testify regarding the conditions at Touro or her injuries, the testimony of others provides circumstantial evidence which establishes what happened to Ms. Taylor. Ms. Ainsworth testified about her mother's condition before and after Hurricane Katrina. Ms. Ainsworth stated that prior to the storm Ms. Taylor was able to wash and feed herself and was able to walk with assistance. Her testimony is corroborated by Touro's progress notes, confirming that Ms. Taylor was "ambulatory" at some point on August 31, 2005. However, Ms. Taylor's medical records do not indicate what transpired between the time she was evacuated on August 31, 2005, and her admission to UT Southwestern the next day.
Ms. Ainsworth testified that she was not advised of her mother's discharge from Touro or her evacuation and transfer to UT Southwestern until September 3 or 4, 2005, when Ms. Ainsworth was contacted by a member of the media. Ms. Ainsworth stated that when she reunited with her mother, a few days later, Ms. Taylor appeared frail, confused, and unable to stand or get out of the bed. Ms. Ainsworth also testified that she was advised that the staff at UT Southwestern did not know what conditions to treat Ms. Taylor for because she arrived with only "pieces" of her medical chart.
Whether the plaintiff has met her burden of proving that it is more probable than not that the subsequent injuries were caused by the negligent act is reserved for the fact finder. It is settled law that the "trial judge cannot make credibility determinations on a motion for summary judgment." Indep. Fire Ins. Co. v. Sunbeam Corp. , 99-2181, p. 16 (La. 2/29/00), 755 So.2d 226, 236. While "the standard for granting a motion for summary judgment no longer encompasses a presumption in favor of a trial on the merits, a trial is designed to evaluate the facts when credibility is at issue." Hutchinson v. Knights of Columbus, Council No. 5747 , 03-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234. Thus, Ms. Ainsworth avers that when the considering the evidence as a whole, including Touro's admitted failures, the facts do not require an expert because the conduct about which she complains falls within the common knowledge and experience of the average lay jury. Conversely, Touro claims that Ms. Ainsworth must proffer medical expert testimony to establish that the alleged unreasonably dangerous conditions caused the types of damages Ms. Ainsworth claims.
Our finding on appellate review is two-fold. We find that the issue of whether the principal conduct about which Ms. Ainsworth complains caused Ms. Taylor temporary pain and suffering falls within the knowledge and experience of the average lay person. At the same time, we find that Ms. Ainsworth can only properly challenge Touro's conduct as having caused her mother's death through expert testimony.
To begin with, Ms. Ainsworth seeks general damages for pain and suffering. She alleges that because of Touro's actions and inactions, her mother experienced physical and emotional symptoms of dehydration, *366 overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression. The question is whether the admitted failures of Touro, if proven at trial, are so obvious that a lay person could rely on their common knowledge without the aid of expert testimony to determine the harm, if any, resulting to Ms. Ainsworth's mother. This Court has held that "[g]eneral damages for pain and suffering may be established in three ways: (i) the circumstances of the case, (ii) expert medical testimony, and (iii) the tort victim's testimony." Jones v. Capitol Enterprises, Inc. , 11-0956, p. 46-47 (La.App. 4 Cir. 5/9/12), 89 So.3d 474, 506 (citing Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort 47 Law § 7-2(c)(1996) ). We find that the physical and emotional symptoms Ms. Ainsworth claims her mother suffered are within the common knowledge of an average lay person or trial court to understand. Id. , 11-0956, p. 46, 89 So.3d at 506-07 (finding plaintiffs' claims for physical symptoms were "not esoteric" problems that required expert testimony). Given the facts presented, we find medical expert testimony is not required to establish causation for temporary pain and suffering.
Beyond the claim that Touro's failures caused temporary pain and suffering, Ms. Ainsworth also alleges that Touro's conduct caused or contributed to her mother's death. Touro disputes the wrongful death claim, pointing to Ms. Taylor's pre-existing lung cancer as the cause of her death. Touro therefore argues that without competent medical expert testimony Ms. Ainsworth cannot overcome summary judgment. It is undisputed that Ms. Taylor had pre-existing lung cancer and resumed treatment for the disease at UT Southwestern following the alleged negligent acts. In instances where the injury, in this case death, involves a patient with a complicated medical history, complex medical conditions, or a combination of the two, causation is "beyond the province of lay persons to assess." Pfiffner , 94-0924, 94-0963, 94-0992, p. 10, 643 So.2d at 1234. Under these circumstances, the plaintiff must show either she is entitled to a presumption of causation under Housley v. Cerise , 579 So.2d 973 (La. 1991)[2] , or medical expert testimony supports a finding of causation. Maranto v. Goodyear Tire & Rubber Co. , 94-2603 (La. 2/20/95), 650 So.2d 757. When medical expert testimony is necessary, the plaintiff must demonstrate a causal nexus between the defendant's fault and the injury alleged." Pfiffner , 94-0924, 94-0963, 94-0992, p. 10, 643 So.2d at 1234. We find whether Touro's alleged negligent acts exacerbated Ms. Taylor's pre-existing condition and/or contributed to or caused Ms. Taylor's death is beyond the province of lay persons to assess; and therefore, Ms. Ainsworth must proffer expert testimony as to her wrongful death claim.
Discovery
Ms. Ainsworth asserts on appeal that in the instance this Court should find, as we do here, that expert testimony is required, the matter should be remanded to allow her an opportunity to obtain an expert. Touro maintains, however, that Ms. Ainsworth's failure to identify a medical expert to establish causation or produced factual evidence from which an expert could provide a reliable opinion is fatal to her case. It notes that over three years *367 have passed since the initiation of the present lawsuit. Additionally, Touro avers that Ms. Ainsworth failed to take steps to obtain an expert to prove her case. Touro contends that as a result Ms. Ainsworth was not prejudiced when the trial court granted summary judgment.
"Although the language of [ La. C.C.P. art.] 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case." Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd. , 03-1600, p. 3-4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969. Based on the facts presented, we find remand appropriate to allow Ms. Ainsworth an opportunity to conduct additional discovery. First, no discovery cutoff or expert designation deadline has been established. Second, evidence demonstrates that Ms. Ainsworth raised the discovery issue in her opposition to summary judgment, at the hearing, and in brief to this Court, requesting an opportunity to conduct additional discovery. Third, this Court recognizes the careful consideration, particularly given the case's current procedural posture, which is required to assess claims of negligence arising out of the aftermath of Hurricane Katrina and the complexity of the circumstances at that time. Therefore, we find summary judgment is premature. Pursuant to La. C.C.P. art. 966(A)(3), we find Ms. Ainsworth should be afforded a fair opportunity to present her case. Accordingly, the trial court's ruling granting summary judgment is reversed and remanded to allow Ms. Ainsworth an opportunity to conduct additional discovery and specifically to obtain a medical expert.[3]
DECREE
On de novo review, we find that expert testimony is not required to establish that Touro caused Ms. Taylor's alleged temporary pain and suffering. However, expert testimony is required to establish whether the conditions inside Touro contributed to or caused Ms. Taylor's death given her pre-existing conditions. In that there was no discovery cutoff or expert designation deadline, we find Ms. Ainsworth is entitled to a full and fair opportunity to present her case, including medical expert testimony. Therefore, the trial court's ruling granting summary judgment is reversed and remanded to allow Ms. Ainsworth an opportunity to obtain a medical expert and conduct additional discovery.
REVERSED AND REMANDED
LOBRANO, J., CONCURS IN THE RESULTS

While the trial court focused on Ms. Ainsworth's wrongful death claim in dismissing Ms. Ainsworth's suit, Ms. Ainsworth's opposition to summary judgment, argument at the hearing and brief to this Court addressed the entirety of the complaint, which raised claims of temporary pain and suffering and wrongful death.

The Housley court established that "[a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition."

We recognize that on remand expert testimony may also provide additional evidentiary support for Ms. Ainsworth's temporary suffering claims. Although we find under the present set of facts that such evidence is not required to meet her burden at trial on that particular issue, nothing in this opinion should be interpreted as precluding its use in later proceedings. Any questions as to the admissibility of evidence is determined by the trial court.