MILLING, BENSON, WOODWARD, LLP

VERSUS

OLGA PAVLOVNA BLAKLEY, M.D.

* NO. 2020-CA-0115

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*

* * * * * * *

*TFL* **LOVE, J., CONCURS AND ASSIGNS REASONS**

I respectfully concur with the results reached by the majority. However, I write separately to expound upon the genuine issues of material fact.

Dr. Blakley's exhibits attached to her opposition to the motion for summary judgment included her own affidavit, which contested the reasonableness of the fees, her responsibility for the remaining balance, and whether a conflict of interest existed; as well as Dr. Blakley's original petition; and documents regarding payments made and payments requested on the open account. The documents on the open account include evidence that Milling received payments from the Medical and Diagnostic Clinic, which could circumstantially support her contention that she should not be responsible for the remaining balance.

"[C]ircumstantial evidence can be used to defeat a motion for summary judgment." *Wood v. Becnel*, 02-1730, p. 6 (La. App. 4 Cir. 2/26/03), 840 So. 2d 1225, 1227. "It is settled law that the 'trial judge cannot make credibility determinations on a motion for summary judgment.'" *Ainsworth v. Am. Home Assurance Co.*, 17-0778, p. 10 (La. App. 4 Cir. 2/21/18), 239 So. 3d 359, 365 (quoting *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, p. 16 (La. 2/29/00), 755 So. 2d 226, 236). Further, "[w]hile 'the standard for granting a motion for summary judgment no longer encompasses a presumption in favor of a trial on the

1

merits, a trial is designed to evaluate the facts when credibility is at issue.'" *Ainsworth*, 17-0778, p. 10, 239 So. 3d at 365 (quoting *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 8 (La. 2/20/04), 866 So. 2d 228, 234).

Dr. Blakley's affidavit and accompanying documentary evidence disputably presents evidence of the alleged validity of Dr. Blakley's responsibility to pay and that alleged inaccuracies are present within Milling's bills. This creates genuine issues of material fact sufficient to defeat a motion for summary judgment. Moreover, credibility determinations are required to grant Milling's motion for summary judgment. As such, I find that genuine issues of material fact remain regarding Dr. Blakley's contentions. Therefore, I concur with the majority's decision to reverse the trial court's judgment and remand for further proceedings.