| | | |
|---|---|---|
| **JONATHAN LEY** | * | **NO. 2025-CA-0070** |
| | | |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **GEICO CASUALTY** | * | |
| **COMPANY** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-01970, DIVISION "N-8"
Honorable Ethel Simms Julien
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Nakisha Ervin-Knott)

Jonathan E. Ley
LAW OFFICES OF JONATHAN E. LEY
44 Lakewood Estates Drive
New Orleans, LA 70131

     COUNSEL FOR PLAINTIFF/APPELLANT

Steven M. Mauterer
BLUE WILLIAMS, LLC
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002

     COUNSEL FOR DEFENDANT/APPELLEE

                                     **AFFIRMED**
                         **September 8, 2025**

NEK
RLB
RML

Appellant, Jonathan Ley ("Mr. Ley"), appeals the district court's October 9, 2025, judgment, which (1) denied his Motion to Compel Deposition Testimony of Corporate Defendant and (2) granted the Appellee's Motion for Summary Judgment and dismissed his claims with prejudice. For the following reasons, we affirm.

**PROCEDURAL AND FACTUAL HISTORY**

This case arises from a motor vehicle accident that occurred on November 17, 2021, wherein Mr. Ley's 2014 Mercedes-Benz CLA250 sustained damage. Mr. Ley received a repair estimate from Mercedes Benz of New Orleans in the amount of $7,774.96 on November 19, 2021, and he provided that estimate to his insurer, the Appellee ("GEICO"), the next day. Mr. Ley contends that Mercedes' estimate constituted satisfactory proof of loss under La. R.S. 22:1892 and 22:1973. GEICO performed its own property damage estimate on November 30, 2021, and issued a check in the amount of $1,763.69 to Mr. Ley that same day. On December 2, 2021, GEICO performed a supplemental repair estimate, determined the total cost of repairs to be $4,211.98, and issued a supplemental payment of $2,448.29 that same day.

1

Unsatisfied, Mr. Ley filed suit against GEICO on March 8, 2022, alleging it breached its insurance contract, failed to timely submit payment pursuant to La. R.S. 22:1892, and handled his claim in bad faith in violation of La. R.S. 22:1973.[1] During the course of the litigation, Mr. Ley attempted to take GEICO's corporate deposition. When GEICO refused to submit to a deposition, and after GEICO had filed a motion for partial summary judgment, Mr. Ley filed a motion to compel the deposition. While the district court denied his request to take GEICO's corporate deposition, it allowed him to depose the two GEICO adjusters who handled his claim. The district court also granted Mr. Ley's request to continue GEICO's motion for partial summary judgment so that he could conduct the depositions.

Following the completion of the depositions, GEICO moved to reset the hearing on its motion for partial summary judgment. On March 5, 2024, the district court issued a written judgment granting GEICO's motion and finding that GEICO was not liable to Mr. Ley for the prices charged by Mercedes. Thereafter, on June 5, 2024, GEICO filed another summary judgment motion, seeking to have all of Mr. Ley's claims against it dismissed. In response, Mr. Ley filed another motion to compel GEICO's corporate deposition, alleging that the adjusters he previously deposed did not have the answers he needed to support his case. He also moved to continue GEICO's summary judgment motion on the basis that he needed to conduct more discovery. The district court heard all of the motions on August 30, 2024, and on October 9, 2024, issued a formal, written judgment (1) denying Mr. Ley's motion to compel GEICO's corporate deposition, (2) denying Mr. Ley's request to continue the hearing on the motion for summary judgment, (3) granting

---

[1] La. R.S. 22:1973 was in effect at the time of Mr. Ley's accident and throughout most of the course of this litigation. It has since been repealed.

GEICO's motion for summary judgment, and (4) dismissing Mr. Ley's claims against GEICO with prejudice. This appeal followed.

## ASSIGNMENTS OF ERROR

Mr. Ley assigns the following errors on appeal, all of which relate to the district court's granting of GEICO's motion for summary judgment:

(1) The district court erred in granting GEICO's motion for summary judgment without allowing him an opportunity to conduct adequate discovery;

(2) The district court erred in finding that GEICO did not breach its insurance contract;

(3) The district court erred in finding that GEICO did not handle Mr. Ley's claim in bad faith in violation of La. R.S. 22:1973; and

(4) The district court erred in finding that GEICO timely issued payment to Mr. Ley.

The third assigned error is contingent on assigned errors two and four. As such, we will address the third assignment of error last.

## STANDARD OF REVIEW

Appellate courts review a trial court's ruling on a motion for summary judgment *de novo*, using the same criteria employed by the lower court. *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 2022-0538, pp. 3-4 (La. App. 4 Cir. 1/18/23), 357 So. 3d 445, 447 (citation omitted). That is, the court must examine the motion, memorandum, and supporting documents and determine whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In doing so, a court "cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Fiveash v. Pat O'Brien's Bar, Inc.*, 2015-1230, p. 7 (La. App. 4 Cir. 9/14/16), 201 So. 3d 912, 917 (quotation and formatting omitted). All factual inferences drawn from the evidence must be construed in favor of the opposing

party, and any doubt must be resolved in favor of having a trial on the merits. *See Citron v. Gentilly Carnival Club, Inc.*, 2014-1096, p. 12 (La. App. 4 Cir. 4/15/15), 165 So. 3d 304, 312 (quoting *Willis v. Medders*, 2000–2507, p. 2 (La. 12/8/00), 775 So. 2d 1049, 1050).

## DISCUSSION

***Assignment of Error No. 1: Whether the district court erred in granting GEICO's motion for summary judgment without allowing Mr. Ley an opportunity to conduct adequate discovery***

Mr. Ley first asserts that the district court erred in granting GEICO's summary judgment motion because he was not afforded an opportunity to conduct adequate discovery. We find this argument lacks merit.

Louisiana Code of Civil Procedure article 966(A)(3) provides that a motion for summary judgment may be granted after an opportunity for adequate discovery has occurred. However, the article only requires that there be an ***opportunity*** for adequate discovery.[2] A well-established principle in the jurisprudence is that the trial judge has broad discretion in regulating discovery matters. *See Bell v. Treasure Chest Casino, L.L.C.*, 2006-1538, p. 3 (La. 2/22/07), 950 So. 2d 654, 656. As such, an appellate court will not disturb a lower court's ruling on a discovery matter absent a finding of an abuse of discretion. *See Moak v. Illinois Central Railroad Company*, 1993-0783 (La. 1/14/94), 631 So. 2d 401, 406 (citation

---

[2] *E.g., Simoneaux v. E.I. du Pont de Nemours and Co.,* 483 So. 2d 908, 913 (La. 1986)("The only requirement is that the parties be given a fair opportunity to present their claim. Unless a plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact."); *see also Elledge v. Becnel*, 2022-0491, p. 5 (La. App. 1 Cir. 11/4/22), 354 So. 3d 688, 692 ("The requirement that a summary judgment [motion] should be considered only after 'adequate discovery' has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete. Rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claims.").

4

omitted). Finally, "[t]he mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and that he needs additional time to conduct discovery is insufficient to defeat the motion." *Dragna v. Terrytown Cafe, Inc.*, 2022-241, p. 9 (La. App 5 Cir. 10/5/22), 355 So. 3d 8, 15 (citation omitted).

This case pertains to a motor vehicle accident that occurred in November 2021. Mr. Ley filed suit in March 2022, and this summary judgment motion was granted in August 2024—almost three years after the accident and two years after the petition for damages was filed. Mr. Ley attempted to compel GEICO's corporate deposition previously, and the trial judge denied that request, choosing to instead allow him to depose the two adjusters who directly handled his claim. Mr. Ley took their depositions but alleges that they were unable to provide pertinent information to his case—that is, when GEICO issued payment. Mr. Ley argued this before the district court when he brought his second motion to compel GEICO's corporate deposition, which he re-urged only after GEICO moved to have his case dismissed on summary judgment.

We do not find that the trial court erred in denying Mr. Ley's second request to take GEICO's corporate deposition and allowing the summary judgment hearing to go forward. Given the procedural history outlined above, we find that Mr. Ley had an adequate opportunity to conduct his discovery. Additionally, as we will discuss later in this opinion, we find that Mr. Ley was already in possession of the answers he sought. Although he was not satisfied with these answers, Mr. Ley cannot argue that he did not have an adequate opportunity for discovery. Therefore, we find that the district court did not abuse its discretion in denying Mr.

5

Ley's second request to depose GEICO and allowing the summary judgment hearing to go forward. This assignment of error lacks merit.

***Assignment of Error No. 2: Whether the district court erred in finding that GEICO did not breach its insurance contract***

Mr. Ley next argues that the district court erred in finding that GEICO did not breach its insurance contract because a genuine issue remains regarding the amount GEICO owes under the contract.

A motion for summary judgment shall be granted when the mover proves, through the motion, memorandum, and supporting documents, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The purpose of the summary judgment procedure is to "pierce the pleadings and to assess the evidence to determine if any genuine issue of material fact exists warranting a trial." *Johnson v. Evanston Ins. Co.*, 2022-0804, p. 7 (La. App. 4 Cir. 6/14/23), 368 So. 3d 703, 710 (citation omitted).

Although the mover bears the burden of proof on a motion for summary judgment, if that mover will not bear the burden of proof at trial, then the mover may meet his summary judgment burden by showing the absence of factual support for one of the essential elements to the opposing party's claim. La. C.C.P. art. 966(D)(1). If the mover does this, then the opposing party must establish the existence of some genuine issue of material fact to defeat the summary judgment motion. *Id*. To meet this burden, the opposing party must make a positive showing of evidence—mere speculation is insufficient. *Harmonia, LLC v. Felicity Prop. Co.*, 2020-0253, 2020-0254, p. 6 (La. App. 4 Cir. 11/25/20), 311 So. 3d 521, 526, n. 9 (citation omitted). In other words, the opposing party cannot merely rest on his allegations or denials; he must, through affidavits or other competent summary

judgment evidence, show specific facts establishing that a genuine issue remains for trial. La. C.C.P. art. 967(B); *see also Jones v. Boot Bar & Grill*, 2022-0154, p. 13 (La. App. 4 Cir. 10/5/22), 350 So. 3d 968, 979. If the opposing party fails to do this, then the motion for summary judgment should be granted. *See Bufkin v. Felipe's La., LLC*, 2014-0288, p. 3 (La. 10/15/14), 171 So. 3d 851, 854.[3]

Turning to the facts of this case, on March 5, 2024, the district court granted GEICO's motion for partial summary judgment and made the following ruling: "GEICO is not liable to Jonathan Ley for the **prices** charged by Mercedes which were higher than the prevailing competitive price to repair his vehicle . . . ." (Emphasis added). Mr. Ley did not seek appellate review of that ruling. Subsequently, GEICO moved for full summary judgment, asserting Mr. Ley could not establish that GEICO breached the insurance contract based on the amounts paid (and the timeliness of those payments). GEICO relied on the district court's previous ruling establishing that it was not liable to Mr. Ley for the prices charged by Mercedes. GEICO also pointed to the exhibits it had previously filed in the record, including the insurance contract detailing that its liability is limited to the prevailing competitive price to repair the vehicle. In light of this, we find that GEICO met its initial burden of showing that it did not breach its insurance contract by paying Mr. Ley a lesser amount than the total reflected in the Mercedes estimate. Thus, the burden shifted to Mr. Ley to show, through competent summary judgment evidence, that a genuine issue still remained for trial.

---

[3] While the general rule is that any doubt must be resolved in favor of the opposing party, this is only when both parties have submitted competent evidence establishing contradictory facts. *Citron*, 2014-1096, p. 12, 165 So. 3d at 312, n. 9 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). An opposing party cannot meet its summary judgment burden through "some metaphysical doubt as to material facts" or by only a "scintilla of evidence." *Id.*

In opposition, Mr. Ley argued that the prevailing competitive rate established by GEICO should be applied to the estimate he received from Mercedes in 2021.[4] Mr. Ley posits that, even after reducing the 2021 Mercedes estimate with the competitive labor rates established by GEICO, GEICO still owes him approximately $2,485.52 under the insurance contract. Like the district court, we are not persuaded by this argument.

From our review of the record, we find that Mr. Ley failed to meet his opposing summary judgment burden in two respects.[5] First, the insurance contract establishes that GEICO's liability is limited to the prevailing competitive **price** to repair the vehicle that it could secure from a competent and conveniently located repair facility. While Mr. Ley argues that GEICO's estimated labor **rate** should be applied to the Mercedes estimate, he does not address the district court's prior judgment specifically holding that GEICO is not liable for the **prices** charged by Mercedes. Second, Mr. Ley failed to provide competent summary judgment evidence showing that what GEICO paid is not the correct amount per the terms of the insurance contract. The bulk of Mr. Ley's opposition relies on his own speculation, not evidence. With no evidence showing that a genuine issue of material fact existed, Mr. Ley failed to meet his burden, and we find the district court properly granted summary judgment on this issue.

***Assignment of Error No. 4: Whether the district court erred in finding that GEICO timely issued payment to Mr. Ley for his property damage loss***

---

[4] GEICO's "Auto Damage Supervisor/Manger," Daniel Stelly, verified in an affidavit that the prevailing competitive labor rate for auto body repair in 2021 was $52.00 per hour and $36.00 per hour for paint and materials.

[5] The question of whether an insurer may unilaterally determine the reasonableness of the cost of repair is not before us and that issue is not addressed by this opinion.

We now turn to whether the district court committed any error in finding that GEICO timely issued payment to Mr. Ley. Louisiana Revised Statutes 22:1892(A) provides that an insurer must pay the amount of a claim due under an insurance contract within thirty days of receipt of satisfactory proof of loss from the insured. Mr. Ley alleges in his petition that he submitted satisfactory proof of loss to GEICO on November 20, 2021. GEICO submitted evidence on its motion for summary judgment showing it issued the following: (1) an original payment on November 30, 2021—ten days after satisfactory proof of loss; (2) a supplemental payment on December 2, 2021—twelve days after satisfactory proof of loss; and (3) a re-issuance of the original payment on December 13, 2021—twenty-three days after satisfactory proof of loss. All of these were issued well-within the thirty-day period imposed by La. R.S. 22:1892(A). GEICO further provided evidence that Mr. Ley had the checks in his possession,[6] and Mr. Ley did not object to this evidence. *See* La. C.C.P. art. 966(D)(2).[7]

It is uncontested that Mr. Ley received these payments, even though he claims that a question exists as to when these payments were issued. However, in light of the above, Mr. Ley's argument lacks merit. Mr. Ley did not provide competent summary judgment evidence to rebut GEICO's evidence showing the checks were issued timely. Rather, Mr. Ley merely relied on his own argument and assertions that there is a question as to when the checks were issued. Yet, the

---

[6] The checks Mr. Ley had were dated "12/03/2021" and "12/14/2021." Although the December 14 date contradicts GEICO's prior evidence showing the check was issued December 13, the December 14 check was issued only one day after and still well-within with the thirty-day deadline.

[7] "The court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment but shall not consider any document that is excluded pursuant to a timely filed objection. Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La. C.C.P. art. 966(D)(2).

checks that are in his possession clearly show the dates the checks were issued, making his argument disingenuous. We find there is no genuine issue of material fact that precluded the district court from granting summary judgment on this issue.

***Assignment of Error No. 3: Whether the district court erred in finding that GEICO did not handle Mr. Ley's claim in bad faith in violation of La. R.S. 22:1973***

Taking the above in consideration, we now turn to whether GEICO acted in bad faith in handling Mr. Ley's claim. Louisiana Revised Statutes 22:1973 provided, in pertinent part, that an insurer breached its duty of good faith if it failed to pay "the amount of any claim due to any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure [was] arbitrary, capricious, or without probable cause." La. R.S. 22:1973(B)(5).[8] As we have found that GEICO met its burden in showing it timely issued adequate payments to Mr. Ley, this assignment of error is moot. Per the terms of its insurance contract, GEICO issued payment in the full amount of the estimate it prepared within thirty days of receiving satisfactory proof of loss from Mr. Ley. Thus, reason dictates that GEICO did not handle Mr. Ley's claim in bad faith, and the district court did not err in granting summary judgment on this issue.

## DECREE

For the foregoing reasons, we affirm the district court's judgment granting GEICO's motion for summary judgment and dismissing Mr. Ley's claims against GEICO with prejudice.

**AFFIRMED**

---

[8] Repealed by Acts 2024, No. 3, § 2, eff. July 1, 2024.